Sweet, Adm'r of Jones, v. Maupin.

---

HEZEKIAH R. SWEET, ADMINISTRATOR OF ESTATE OF RICHARD R. JONES, DECEASED, Defendant in Error, v. AMOS W. MAUPIN, Plaintiff in Error.

1. *Administration — Suit by administrator — Set-off — Affidavit — Presumption.*—Proof of the existence of a debt, which might be used as a set-off to a demand sworn to against an estate, is not of itself sufficient evidence to show *prima facie* that the debt was actually so applied, especially when neither the minutes of the court nor the account presented show anything in relation to the set-off. Affidavit of the claimant that he has allowed all just credits and set-offs establishes no such presumption.

*Error to First District Court.*

*Lay & Belch,* for plaintiff in error.

*H. Flannagan,* with *J. Halligan,* for defendant in error.

BLISS, Judge, delivered the opinion of the court.

This suit was commenced to recover the amount of sundry promissory notes given by defendant to plaintiff's intestate, and the defendant claimed that the notes had been adjusted by way of set-off in an allowance of demands against the estate presented by him. The questions of fact were submitted to the court, which

found for the defendant, and the plaintiff excepts to the declarations of law that governed its finding. They were not entirely consistent with each other, but were all controlled and vitiated by the following, given at the instance of defendant:

"1. The notes sued upon were a proper, entire, and undeniable offset to the claim of A. W. Maupin before the County Court of Franklin county; and these notes, if found to have been inventoried prior to the presentation of Maupin's account to said court, must have been adjudicated, and are a conclusive bar to the recovery in this case.

"2. The judgment of the County Court, offered in evidence in the matter of allowance of A. W. Maupin against the estate of R. R. Jones, deceased, is *prima facie* evidence that all the notes sued upon were litigated before the County Court of Franklin county in the rendition of said judgment; and unless the plaintiff removes this presumption by positive evidence, the court, sitting as a jury, will find for the defendant."

Defendant had exhibited a large account against the estate, upon which he was allowed over $3,000, and the notes amounted to a few hundred dollars more. Plaintiff claims that nothing but the account was before the court, and though the notes were talked of, the arrangement was that the account was to be adjusted and its balance settled by the court, and afterward the plaintiff was to allow such balance in payment of the notes as far as it would go. These notes had been inventoried, and it will be seen that the first declaration cuts off all consideration of the issue in relation to their adjudication as a set-off. It is so glaringly improper that counsel do not defend it, but claim that it is rendered nugatory by other declarations. There is some inconsistency between them, but the court having given them all, we do not know by which its action was governed, and an inspection of the record leads us strongly to suspect that its conclusion was reached under the inspiration of the views embodied in the first declaration above quoted.

The other declaration was also objectionable. Whether the notes were considered and adjudicated as a set-off, was a fact put in issue; and the court held, in effect, that this fact was proved

by the fact that the debt existed and was inventoried. I do not understand that counsel claim, as a general proposition, that the existence of a debt which might be used as a set-off is of itself evidence sufficient to show that the debt was actually so applied in a given suit, and that he who would deny it must remove "this presumption by positive evidence." But I do understand them to claim the proposition to be correct when the suit is against an estate. The reason given is that the claimant is required by law to make oath that he has allowed all just offsets, and the presumptions are that he has complied with the law, and that he swore to the truth; *i. e.*, where suit is brought by an administrator, and the debtor pleads that the subject-matter of the suit has been before adjudicated, these presumptions, without any other evidence, are sufficient to establish the fact. Former adjudications are usually proved by the record, and if these notes were applied upon the debt held by defendant against the estate, the record ought to have shown it. But if the record proper — *i. e.*, the journal of the Probate Court — fails to explain the matter, surely the account presented and allowed against the estate, with the certificate indorsed, should make it plain. If this also fails, it seems to me that the ordinary presumptions against the affirmative of an issue, until proved, are greatly strengthened. I know of no different rule that applies to the maintenance of affirmative issues of this kind more than any other. As a matter of inference, a stronger probability would arise from given facts under some circumstances than under others, and every circumstance connected with any transaction under investigation is proper to be considered in aiding a conclusion. But he who holds the affirmative of an issue is required to sustain it, and no exception is made to issues of this kind. The affirmative of this issue is not sustained by evidence alone that a claim was allowed against the estate, and in favor of defendant, especially when it appears that neither the minutes of the court nor the account presented show anything in relation to the set-off.

The judgment of the District Court, reversing and remanding the case, is affirmed. The other judges concur.