Saxton et al. v. Allen.

ALBE M. SAXTON AND THOMAS D. HASTINGS, Defendants in Error, v. KEYES H. ALLEN, Plaintiff in Error.

1. *Practice, civil — Evidence — Motion for new trial — Supreme Court.* — An objection to the admission of testimony, not urged upon the attention of the court, and not incorporated in the motion for new trial, will not be inquired into in the Supreme Court.

*Error to Buchanan Circuit Court.*

*W. S. Everett,* for plaintiff in error.

*H. K. White,* and *Vories & Vories,* for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs entered into a contract with the defendant by which they sold and delivered to him a certain quantity of cordwood at $4.75 per cord. Subsequent to the sale and delivery it was ascertained that there was a mistake in the measurement of the wood, and that there was a greater number of cords than what was paid for, and this action was commenced to recover the amount claimed in consequence of this mistake. The trial was had before the court and a jury, and the verdict was for the plaintiffs. With the weight or preponderance of the evidence we have no special concern, but upon an examination it is manifest that it strongly supports the verdict.

An objection is taken that the court erred in ruling out certain evidence offered by the defendant, but this objection was not incorporated in the motion for a new trial or urged upon the

attention of the trial court, and therefore it will not be inquired into here.

At the request of the plaintiffs the court instructed the jury that if they believed from the evidence that in the measurement of the wood sold by plaintiffs to defendant there was a mistake made against plaintiffs of 170 cords, or any other number of cords, and that, after said mistake was discovered, the defendant was requested to correct said mistake and pay for said wood so omitted from the calculation, then the jury should find for plaintiffs the value of said wood so omitted, at the rate of $4.75 per cord, and might add thereto interest at six per cent. per annum from the time the demand was made to correct the mistake. The third instruction asked for on the part of the defendant and given by the court, told the jury that if they believed from the evidence that in the measurement of the wood by plaintiffs to defendant, there was no mistake made against the plaintiffs of 170 cords of wood, or any other number of cords, but believed that the wood so sold and measured amounted to 3,071 cords, and that the same had been paid for by defendant, then they should find for the defendant.

These instructions covered the only issue there was in the case, and presented the law clearly and fairly. The simple question was whether there was a mistake committed in the measurement of the wood, and that was for the jury to determine upon the evidence. The first instruction asked by the defendant was rightfully refused because it was not relevant to the case as made by the pleadings and the evidence. The second instruction, declaring that the measurement by the city inspector was conclusive, was also objectionable, and we cannot see that the court committed error in refusing it. We do not know what the powers of the city inspector are. The ordinances defining his duties and authority were not submitted in evidence, and are not referred to in the record. Whether he had any power to act, and the nature of the evidence to be given to his acts, are matters about which we are not advised.

The judgment must be affirmed. Judge Bliss concurs. Judge Adams absent.