Carver and Carver v. Thornhill.

———o———

EBENEZER CARVER and SAMANTHA CARVER, Respondents, *vs* BRYANT THORNHILL, Appellant.

1. *Practice, Supreme Court—Points not presented in motion for new trial, not examined afterward.*—Grounds of objection, not set forth in motion for new trial, will not be heard in the Supreme Court.

2. *Practice civil—Supreme Court—Evidence—Re-examination of.*—Where there is any evidence to sustain a verdict, the testimony will not be weighed by the Supreme Court.

*Appeal from Johnson Court of Common Pleas.*

*Ashbury, Elliot & Blodgett,* for Appellant.

*N. H. Conklin,* for Respondents.

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover damages for an alleged breach of a covenant against incumbrances, contained in a deed executed by the defendant.

The petition charged, that the defendant by his deed sealed with his seal, dated the 20th day of November, 1861, (which was filed with the petition,) conveyed to the said Samantha Carver, wife of Ebenezer Carver, for the consideration of eighteen hundred dollars, a certain tract of land described as being in Knox County, Ohio; that by said deed the defendant covenanted with the said Samantha Carver, that he was well seized of the premises, and had good right to sell and

convey the same, and further, that said premises were free of all incumbrances whatsoever, and with general covenants of warranty. The breach assigned of the covenants of the deed was, that at the date of the deed there was existing a deed of mortgage, given by the defendant on the 28th day of March, 1860, to one William C. Hall, wherein said premises were conveyed to said Hall to secure the payment of a promissory note, given by defendant to said Hall, for the sum of three hundred dollars, which was unpaid; that suit had afterwards been commenced on said note and mortgage in the Court of Common Pleas, in and for Knox County, in the State of Ohio; that judgment had been obtained in said suit foreclosing said mortgage against the premises conveyed, and that the same was, by the decree of the said court in said cause, ordered to be sold, &c.; that the said plaintiff, Samantha Carver, in order to prevent a sale of the premises, was compelled to, and did, pay off and discharge the judgment so rendered on said note and mortgage, amounting to two hundred and fifty-eight dollars, and seventy-five cents, and costs, &c. For this amount thus paid, judgment is prayed.

The defendant answered, denying many allegations of the petition.

Upon the trial of the cause, the plaintiff read in evidence the deed from defendant, by which the land named in the petition was conveyed to said Samantha Carver. The plaintiff next offered in evidence a certified transcript of the judgment, and proceedings in the Court of Common Pleas, for Knox County, Ohio, referred to in the petition; this transcript was objected to by the defendant for the reason, that it appeared, that defendant was, at the time of the rendition thereof, a citizen of the State of Illinois, and was only notified in said cause by an order of publication published in said cause, and that the court therefore had no jurisdiction of the person of defendant, and that the judgment was therefore void as to defendant, and could not be read in evidence against him.

The court admitted the evidence and the defendant excepted.

Carver and Carver v. Thornhill.

The plaintiff then introduced oral evidence, as well as several letters proved to be in the hand writing of the defendant, all of which tended to prove by the admissions of the defendant the existence of the mortgage and the payment of the money therein by the plaintiff, and the promise of defendant to repay the same.

This evidence was also objected to because of its incompetence and irrelevancy; the objections were overruled and the defendant again excepted.

The defendant offered no evidence on his part. The court gave judgment for the plaintiff. The defendant filed a motion for a new trial, and set forth as the grounds upon which said motion was founded, the following:

1st. Because the said verdict and judgment were against the evidence.

2nd. Because the verdict and judgment are against the law.

3rd. Because the verdict and judgment are against the law and the evidence.

4th. Because the verdict and judgment were rendered for the plaintiffs, when the same should have been for the defendant.

This motion was also overruled, and the defendant again excepted and has appealed to this court.

The only objection made in this court to the proceedings and judgment of the Johnson Court of Common Pleas is, that the said court upon the trial of the cause received and heard improper evidence, which ought to have been excluded.

It will be seen, that no such ground of objection was set forth or brought to the attention of the court in the motion filed by the defendant for a new trial. The only grounds of objection set forth in the motion for a new trial are, that the verdict is against the law and the evidence, and is for the wrong party. No question is made in the motion as to the admission or rejection of evidence. Our Statute requires motions for a new trial and in arrest of judgment, to be filed within four days after the trial, if the term of the court shall

so long continue, and at all events before the end of the term; and by § 48, of the fifth Article of the Statute, regulating practice in civil cases, (W. S., 1021) it is provided, that "All motions shall be accompanied by a written specification of the reasons upon which they are founded, and no reason not so specified, shall be urged in support of the motion."

In this case no reason set forth in the motion for a new trial is urged in this court, except the general grounds that the judgment is for the wrong party. We will not, therefore, consider the question as to the admissibility of the evidence, and there is some evidence upon which the finding and judgment might be made; we will not therefore examine that question here.

The question in this case was exactly decided in the case of Cowen vs. The Saint Louis and Iron Mountain Railroad Company, 48 Mo., 556, and in Saxton vs. Allen, 49 Mo., 417.

This judgment will be affirmed; the other Judges concur; Judge Adams did not sit.