## HULVERSON v. HUTCHINSON & Co.

1. **Fraud**: JUDGMENT OBTAINED BY. To avoid a judgment in a collateral proceeding, where it is alleged that the judgment was obtained in the principal action through fraud, the fraud must be clearly established.

2. **Judgment**: WHEN SET ASIDE: PARTIES. The provisions of Section 3160 of the Revision, (Code, Sec. 3877) do not authorize a judgment obtained upon service by publication to be set aside where the plaintiff in the action was not made a party to the proceedings.

*Appeal from Winneshiek District Court.*

FRIDAY, SEPTEMBER 25.

THIS is a suit in equity to enjoin the sale of a certain house and lot in Decorah, on execution. It is not necessary to state the facts and dates in detail; they are numerous and not a little complicated. So far as necessary to understand the points adjudicated, they are stated in the opinion. The cause was tried by the first method, and judgment rendered for the plaintiff. The defendants appeal.

*John T. Clark & Co.*, for appellant.

*E. E. Cooley*, for appellee.

COLE, J.—I. The defendants had a judgment against the plaintiff, which was a lien on the real estate in controversy, junior to a lien held by S. M. Leach for the purchase money due from plaintiff for the property. Afterwards the plaintiff was adjudged a bankrupt, and in due course of law, was discharged. The defendants did not prove up their claim, but relied upon their lien. Subsequent to the discharge of plaintiff, Leach brought his action to enforce his lien upon the property in question. The defendants were made parties, and notice on them was served by publication, they being non-residents; but they made no appearance. Judgment was rendered in favor of Leach for the amount due him, and the property was ordered sold to satisfy it. At the sale under this judgment, Leach purchased the property, at two-thirds of its appraised value, ($375,) which was only a little over half the amount of his judgment. On the same day, but after the sheriff's deed was made to him, Leach conveyed the property, by quit claim deed, to the plaintiff, the consideration named being $900. These defendants now claim the right to sell the property, because the proceedings by Leach were for the purpose of defrauding these defendants, and were obtained by the positive fraud of this plaintiff. In our opinion the evidence does not establish the fraud so as to avoid the judgment. It should be clearly shown.

II. These defendants were served, in the action brought by Leach against them, this plaintiff and others as defendants, by publication only, and this action was brought and the original answer of these defendants was filed within two years from the rendition of the judgment in favor of Leach, wherein the lien of these defendants was barred. By an amended answer, filed long after the expiration of two years from the date of that judgment, these defendants aver that they were served by publication only and did not appear, and also set up that the notice by publication was not completed sixty days before

*(margin note: 1, FRAUD: judgment ob-tained by.)*

the term, but only forty-two days, and they ask that the default be opened, the judgment and sale set aside and they be allowed to redeem, which they offer to do by paying the full amount of the judgment. They do not call this amended answer a cross petition, nor do they ask to make Leach a party to it, nor was he made a party, nor any bond for cost filed.

It is now claimed that these defendants had the right to have that judgment set aside, under Rev. of 1860, Sec. 3160. But 2. JUDGMENT: they have signally failed to bring themselves when set aside: parties. within the provisions of that section. Even if it be admitted that the application was in time, because of being an amendment to a former answer, and that it could be made in another action, the plaintiff in that proceeding was an essential party to any motion or action to set that judgment aside. So far as this record shows, too, that judgment is not fully satisfied, and the plaintiff is therefore the party in interest, as well as the nominal party. If the notice was not in fact given the requisite sixty days, this would be an irregularity only, and would not render the judgment absolutely void. The proceedings to have that action retried are quite too barren of even a semblance of compliance with the provisions of section 3160, to justify any order herein affecting the judgment or the rights of the parties in that action.

AFFIRMED.