Sweet v. Maupin.

---

SWEET, ADMINISTRATOR OF JONES, PLAINTIFF IN ERROR, v. MAUPIN.

1. **Probate Court:** JUDGMENT: MUTUAL CLAIMS: EFFECT OF ALLOWANCE. Where there are mutual items of indebtedness between an individual and an estate, a judgment by the county court, allowing the claim of the former against the latter, is not of itself conclusive evidence, that his indebtedness to the estate was adjudicated and deducted in making the allowance.

2. ———: OFFSET: PAROL EVIDENCE. When such a judgment is offered in bar to an action by the administrator to collect the indebtedness due the estate, if it bears evident marks of alteration, parol evidence is admissible to show that it was made not as an absolute judgment, but only as an ascertainment of the amount due from the estate, to be used by way of offset against defendant's indebtedness to the estate.

3. **Judgment:** FRAUDULENT ALTERATION: PAROL EVIDENCE. In such case parol evidence is also admissible to show that the alteration is fraudulent; but it should be very clear and forcible.

4. **Practice:** VERDICT: SEVERAL COUNTS. A judgment on a petition consisting of several counts will not be reversed because the verdict does not contain a separate finding on each count, unless the attention of the trial court was distinctly called to this defect by appropriate motion.

*On Motion for Re-hearing.*

1. **Formal Defects, patent of record.** No judgment should be reversed for merely formal defects, though patent of record, unless opportune advantage was taken of them in some appropriate way.

| | |
|---|---|
| 65 | 65 |
| 104 | 31 |
| 104 | 35 |
| 65 | 65 |
| 106 | 97 |
| 65 | 65 |
| 111 | 505 |
| 65 | 65 |
| 118 | 199 |
| 65 | 65 |
| 123 | 571 |
| 125 | 482 |
| 59a | 444 |
| 65 | 65 |
| 126 | 213 |
| 126 | 232 |
| 61a | 89 |
| 65 | 65 |
| 130 | 614 |
| 65 | 65 |
| 132 | 558 |
| 65a | 427 |
| 65 | 65 |
| 137 | 590 |
| 69a | 671 |
| 65 | 65 |
| 81a | 251 |
| 65 | 65 |
| 155 | 352 |
| 65 | 65 |
| 85a | 587 |
| 65 | 65 |
| 90a | 48 |
| 65 | 65 |
| 93a | 36 |
| 65 | 65 |
| 94a 4 | 31 |

2. **Judgment:** PAROL EVIDENCE. Parol evidence is admissible to show that certain matters as to which a judgment is silent, were not adjudicated.

*Error to St. Louis Circuit Court.*—HON. JAMES K. KNIGHT, Judge.

This suit was brought in the year 1866. It is based on five promissory notes of defendant. The case was here before, and is reported in 47 Mo. 323, when a judgment for defendant was reversed. The only issue presented by the pleadings is, whether the notes were considered and included in an allowance made by the county court in favor of the defendant, in the year 1864, for $3,607.19; the defendant holding the affirmative. There was great conflict of evidence, and it was chiefly directed to two points: *First*—Whether the records of the county court and the account itself, on which was endorsed the amount allowed, had been tampered with, so as to show an absolute allowance in favor of defendant, or whether such allowance was only made as an offset, and so endorsed on the claim and on the rough minutes of the clerk; and, *Second*—Whether the notes were included and considered in the adjustment then made.

*T. W. B. Crews*, for plaintiff in error, cited: *Society v. Hartland*, 2 Paine, C. C. Rep. 536; *Webster v. Lee*, 5 Mass. 334; *Hibshman v. Dulleban*, 4 Watts (Pa.) 183; *Whittemore vs. Whittemore*, 2 N. H. 26; *Halsey v. Carter*, 1 Duer 667.

*Amos M. Thayer*, for defendant in error, cited: *Clark v. Han. & St. Joe R. R.*, 36 Mo. 202; *Brownell v. Pacific R. R. Co.*, 47 Mo. 239; *Hickman v. Bird*, 1 Mo. 495; *Jones v. Snedecor*, 3 Mo. 390; *Pratt v. Rogers*, 5 Mo. 51.

SHERWOOD, C. J.—It would indeed be difficult to carefully peruse the voluminous evidence in this case without reaching the same conclusion the jury did in the verdict found for the plaintiff, as the original claim, now before us, shows an evident alteration in the character of the allowance endorsed

1. PROBATE COURT: judgment: mutual claims; effect of allowance.

thereon—an alteration made with such great assiduity, both with pen and eraser, as to scarcely leave the faintest doubt that honest purpose never prompted the significant erasure.

II. Complaint is made that Judge Becker, the presiding justice at the time the claim was allowed, was permitted to state the character of the judgment which was rendered. Ordinarily, of course, such evidence would be clearly inadmissible; but not so under the circumstances of this case. For his testimony, taken in connection with that of other witnesses, was *not* to contradict the record, but to show that fraud, which vitiates everything that it touches, had been employed to defeat the legitimate action of the court over which he presided, and, as expressed in the rough minutes of the clerk, by so changing the entry made thereon, which even defendant's attorney, Crowe, admits was made in a certain way, as to show an absolute unconditional allowance, instead of the allowance of a mere judgment of offset, as shown originally by those minutes.

2. ——: offset: parol evidence.

III. Evidence showing such fraudulent alteration of a record, or any portion thereof, should certainly be very clear and forcible; but this has, in this case, been abundantly furnished, both verbal and written, to show the wrongful change. And should we refuse to receive it, we, by our own ruling, would only pave the way for repeated forgeries of this sort. No error is perceived in this regard, nor do we discover any error in the instructions given on the part of the plaintiff.

3. JUDGMENT: fraudulent alteration: parol evidence.

The third instruction told the jury that the verdict of allowance was not conclusive evidence in and of itself, that the note sued on had been adjudicated and passed upon by the county court at the time the allowance was made, and this accords with our former ruling, when this case was here before. Objection is made to the first and second instructions, which, in effect, told the jury to find in favor of plaintiff, unless they believed, from the evidence, that

the notes sued on were passed upon and adjudicated at the time the allowance in favor of defendant was made; because these instructions farther told the jury, in the event of thus finding for plaintiff, to deduct from the aggregate amount of the notes and interest the amount of the allowance, and bring in a verdict for the residue. We do not see what prejudice these instructions could work to defendant; for plaintiff was entitled to recover, if at all, for the full amount of the notes and interest, while these instructions diminish the recovery by the amount of the allowance. If the plaintiff had recovered the full amount of the notes and interest, it is clear that defendant would not have been able to have enforced his claim against the estate until the larger judgment of the plaintiff was first satisfied, so that the only effect of these instructions, if obeyed by the jury, and it would seem they were, was to accomplish a present adjustment between the parties.

IV. A more serious objection is made to the verdict, which was for $1,197.16, on the ground that the finding is a general one, and not a finding on each count of the petition. For repeated decisions of this court have settled the matter that when the attention of the lower court has been called to a defect of this sort, by appropriate motion, a reversal must occur, if such motion be overruled. But on examination of the motion for new trial, in the present instance, it will be found that, although the ground referred to is distinctly set out in the assignment of errors at general term, yet that the motion does not distinctly specify the ground now urged, the nearest approach to such specification being the fourth clause, that "the verdict of the jury is not warranted by the issues in the case, and is *incorrect* and *informal.*" Our statute expressly requires that motions shall distinctly specify the ground whereon they are based (2 Wag. Stat. 1,021 sec. 48.) The object of this is to call the attention of the lower court to the point complained of. For mere matters of exception cannot be noticed here except when "expressly decided"

*4. PRACTICE: verdict: several counts.*

by the lower court (Id. 106 sec. 32; *State v. Rucker*, 59 Mo. 17; *Brady v. Connelly*, 52 Mo. 19; *Chapman v. White*, Id. 179; *Burns v. Whelan*, Id. 520; *Carver v. Thornhill*, 53 Mo. 283.) We hardly think, in the light of these statutory provisions and decisions, the motion before us specified with sufficient distinctness the ground now relied on, that the verdict did not contain a special finding on each count. But even if the motion had been sufficiently specific in the particular mentioned, we should be very loth to reverse on that ground, under the particular circumstances of the case at bar. For it seems quite evident that the jury found in favor of the plaintiff on all the counts in the petition, and then, in obedience to instructions, deducted the allowance in favor of the defendant, and gave a verdict for the residue. The amount of their verdict would appear to indicate this. In addition to that, the judgment is evidently for the right party. This is the eleventh year of this litigation; no useful purpose can be subserved by allowing it to continue longer, since the trial below was fairly conducted, and the practical result reached would doubtless be the same were the cause remanded. Taking all these matters into consideration, we do not feel at liberty to take such action as will disturb the judgment of the lower court. For we are expressly prohibited from reversing the judgment of any court, unless believing that error was committed "materially affecting the merits of the action" (2 Wag. Stat. 1,067 sec. 33).

Therefore, we shall reverse the judgment of reversal rendered by the general term, and affirm the judgment of the special term, in favor of the plaintiff. All concur.

AFFIRMED.

## On Motion for Rehearing.

*L. F. Parker* for the motion.

I. A judgment of a court of competent jurisdiction cannot be attacked in a collateral proceeding for fraud,

but only by a direct proceeding for that purpose.    *Christmas v. Russell*, 5 Wall. 290 ; *Granger v. Clark*, 22 Maine 128 ; *Freeman v. Thompson*, 53 Mo. 183 ; *Atkinson v. Allen*, 12 Vt. 624 ; *McRae v. Matoon*, 13 Pick. 53 ; *Krekeler v. Ritter*, 62 N. Y. 372 ; *Anderson v. Anderson*, 8 Ohio 108 ; *Smith v. Smith*, 22 Iowa 516 ; *Smith v. Keen*, 26 Me. 411. And then it must be specially pleaded.    *Whetstone v. Whetstone*, 31 Iowa 277 ; *Commonwealth v. Trout*, 76 Pa. St. 379 ; *Hulverson v. Hutchinson*, 39 Iowa 316 ; *Edgell v. Sigerson*, 20 Mo. 494 ; *Kerr, Fraud and Mistake*, 365 *et seq.*; 2 *Whart. Evidence*, §§ 982, 984 ; 1 *Greenleaf Evidence*, §§ 51, 52, 448 ; 1 *Ves. Ch.* 287 ; *Sibson v. Edgeworth*, 2 Deg. & Sm. 73 ; *McMurray v. Gifford*, 5 How. Pr. 14.

II. The verdict is fatally defective, and the defect being patent of record, must be judicially noticed by this court.

PER CURIAM.—Relative to the point that the verdict was a *general* one, while the petition contained five counts, we have this to say, in addition to what has already been said thereon in the foregoing opinion : Repeated decisions of this court have *conclusively established* that we will not reverse because there was not a finding on each count, unless the attention of the lower court was specifically called to the matter by appropriate motion, and in the original opinion we cited several authorities to show this. *State v. Rucker*, 59 Mo. 17 ; *Brady v. Connelly*, 52 Mo. 19 ; *Chapman v. White*, Id. 179 ; *Burns v. Whelan*, Id. 520 ; *Carver v. Thornhill*, 53 Mo. 283.    All of these cases show that motions must *distinctly specify* the grounds relied on, and therefore bear with more or less directness on the point in hand, if the statute (2 Wag. Stat. 1021 § 48) in such cases made and provided is to be *obeyed ;* and the case of *Chapman v. White* is *directly* in point, deciding, as it does, that if " no such reason was given in the motion for new trial, or in arrest, we cannot consider it here."    These cases, and the section of the statute whereto we made reference, seem to have wholly escaped the attention of counsel.    But these

authorities on the point by no means stand alone. In *Fickle v. St. L., K. C. & N. R. R. Co.*, 54 Mo. 219, this language is used: "The only remaining point insisted on by the defendant, as a ground for a reversal of the judgment is, that the court rendered a general judgment in the case on all the counts in the petition, without making a separate finding on each count. *It has been frequently held by this court, that such irregularities, committed in the trial courts, will not be noticed in this court, unless the matter has been specifically brought to the attention of the trial court by motion or otherwise."* The motion for a new trial, in this case, did not call the attention of the court to this objection. The only thing that approached such objection was, that "*the finding, or verdict, is not specific or proper."* This is not sufficient. If the objection had been made to the trial court, that there was no separate finding on the several counts in the petition, the court, having tried the cause without a jury, would doubtless have corrected its finding, and the defendant would have had no cause to appeal to this court to have the finding corrected or the judgment reversed. To the like effect is *Gilmore v. St. L., K. C. & N. R. R. Co.*, in the same volume, p. 227. In *Pitts v. Fugate*, 41 Mo. 405, the point that the petition contained several counts, and that there was no separate finding as to each, was expressly called to the attention of the trial court by motion in arrest. In *Brownell v. P. R. R. Co.*, 47 Mo. 240, and in *Mooney v. Kennett*, 19 Mo. 551, the question of the necessity of calling, by proper motion, the attention of the lower court to a defect of the sort now complained of, was not considered. In *Clark's admr. v. Han. & St. Joe R. R. Co.*, 36 Mo. 215, the motion in arrest expressly raised the question respecting a *general* verdict on several counts. In *State v. Dulle*, 45 Mo. 269, it does not appear whether there was any motion filed or not. In *Jones v. Tuller*, 38 Mo. 363, the petition did not contain a "statement of a legal cause of action;" and the same may be said of *State v. Matson*, Id. 489. In *Nordmanser v. Hitchcock*, 40 Mo., 178 the

" error apparent on the face of the record " was in allowing the defendant to recover on his counter-claim, in the absence of the plaintiff, instead of dismissing the suit for lack of prosecution.     In *Han. & St. Joe R. R. Co. v. Mahoney*, 42 Mo. 467, the question—a *jurisdictional* one—was a fit subject for inquiry, for the first time in this court, notwithstanding no motion was filed below, and *this* is all that case decides.     The *State v. Marshall* was a criminal case, and therefore occupied a different footing than *civil* cases.     In *Bateson v. Clark*, 37 Mo. 31, the petition was alleged to be " fatally defective and insufficient to charge the endorsers," and for that reason its sufficiency was examined.     The doctrine announced in *Peyton v. Rose*, 41 Mo. 257, and *Gray v. Payne*, 43 Mo. 203, has been exploded.     But at the time these decisions were rendered, it was regarded a *fatal* defect to seek in one and the same proceeding to set aside a conveyance for fraud, and also obtain possession of the land. It will thus be observed that the original opinion is in full accord with former decisions by us noted (*Chapman v. White, Fickle v. St. L., K. C. & N. R. R. Co., Gilmore v. St. L., K. C. & N. R. R. Co., supra*), and is not directly opposed by any.     None of those cited by defendant's counsel, as we have clearly shown, going further than to hold that we should review the action of the lower courts, in the absence of appropriate motions, only where the defect " apparent on the face of the record " is *fatal* in its character ; and we have been at the pains to review the authorities cited in behalf of defendant, in order to correct the serious misapprehension into which counsel have fallen, that for *every error apparent of record the judgment should be reversed.* Neither our Practice Act, nor our numerous decisions made thereon, give the slightest support to such an idea. There are doubtless numerous opportunities for fatal errors to occur, between the filing of the pleadings and the rendition of judgment.     Our statute, however, has only seen proper to specify *two;* one, that the petition " does not state facts sufficient to constitute a cause of action," and

the other, the lack of "jurisdiction of the court over the subject matter of the action." Aside from these, so far as concerns the petition, unless objection thereto .be taken either by demurrer or answer, "the defendant shall be deemed to have waived the same" (2 Wag. Stat. 1015 § 10; *Pomeroy v. Benton*, 57 Mo. 531, and *cas. cit.*) so that it will be readily seen that many defects, regarded as fatal at common law, are not of serious importance under our code practice, and cannot be taken advantage of except at the *proper time;* otherwise, they are deemed to be *waived.*

We take it, then, from a review of the authorities, and of our liberal statutory provisions, that, *even for error* 1. FORMAL DEFECTS, *apparent of record,* a reversal of the judg-PATENT OF RECORD. ment does not, in all instances, necessarily and as a *matter of course,* occur. Certainly not, as shown by the authorities we have cited, for errors of the sort being considered: errors occurring during the progress of the trial, unless an appropriate motion gives opportunity for their correction, by *pointedly* calling attention of the trial court to them. In short, the theory of our Practice Act, as we understand it, is that for mere *formal* defects, though patent of record, reversals should not occur, unless opportune advantage be taken thereof in some appropriate way. This view is in entire consonance with that section of the statute (§ 33, 2 Wag. Stat. 1067) which expressly inhibits a reversal, unless " error was committed materially affecting the merits of the action."

Passing to the other point urged upon our attention in the motion: It will be borne in mind that the issue raised 2. JUDGMENT: by the pleadings was whether the notes sued parol evidence. were considered and included in the allowance obtained by Maupin. That allowance was not *conclusive* that the notes in controversy were considered and included when the allowance was made. This was so ruled when this case was here before (47 Mo. 323); and other decisions of this court also establish that parol evidence may be introduced, not to contradict the record, but to show that

certain items and matters, as to which the record is silent, were not adjudicated. Any evidence was competent, therefore, to show this, even if such evidence *incidentally* showed that *fraud* had been committed, by changing the official entries which the law requires the clerk to make in his abstract and to endorse on the claim at the time of the allowance. (§§ 27, 28, 1 Wag. Stat. 105).) This is not attacking the record on the ground of fraud, any more than it is attacking the verity of the record, by showing that certain matters were not passed upon when a certain judgment was rendered.

The motion for rehearing is therefore overruled.

OVERRULED.