Fields v. Baum, Adm'x.

W. S. FIELDS *et al.*, Respondents, v. HENRIETTA BAUM, Administratrix, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Appellate Practice.** Appellate courts are precluded from considering questions not referred to in the motion for a new trial.

2. **Demand:** WHEN NOT NECESSARY. In an action to recover earnest money paid on a land sale and agreed to be returned if an examination showed a defective title, it is not necessary, under section 1018, Revised Statutes, to show a demand for the money claimed before the commencement of the suit.

3. **Interest Accrues From What Date.** Under section 2723, Revised Statutes, creditors receive six per cent. interest per annum, when no greater amount is agreed upon, for all moneys after they become due on written contracts as in this case.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Chas. W. Clarke,* for appellant.

(1) This is certainly a case in which a demand is necessary before a suit ; section 1018, Revised Statutes, does not apply to a case like this, in which a notice and demand is necessary to fix a liability and give a cause of action to the plaintiffs. *Welsh v. Taylor,* 38 Mo. 545; *State v. Mooney,* 65 Mo. 494; *Lobdell v. Hopkins,* 5 Cow. 516 ; *Beardsley v. Boyd,* 37 Mo. 180 ; *Ross v. Clark,* 27 Mo. 549 ; *Daily v. Sharkey,* 29 Mo. App. 518. There is no pretense in this case that any demand was ever made or any notice ever given to the defendant for the return of the five hundred dollars, or of the failure of the title, or intention to rescind the contract prior to the suit. (2) The judgment was for five hundred and thirty-five dollars ; the suit was filed March 19, 1887, the judgment was rendered June 4, 1887 ; the suit was on a written contract and the rate of interest was not agreed upon, therefore interest was not allowed until demand of payment was made. R. S., sec. 2723; also *Southgate v. Railroad,* 61 Mo. 89. If the court should find that the suit was a demand, in any event interest could only be allowed from the date of filing the suit.

*Karnes, Holmes & Krauthoff,* for respondents.

(1) We need make no answer to these points further than to say that the attention of the circuit court was not called to any one of them in the motion for a new trial. R. S. 1879, sec. 3557 ; *Carver v. Thornhill,* 53 Mo. 283 ; *Cowen v. Railroad,* 48 Mo. 556 ; *Saxton v. Allen,* 49 Mo. 417. (2) Appellant's point 5 is that the

money was not demanded before the suit was brought. While this statement is contrary to the record it is immaterial for the reason that inasmuch as no such defense was set up in the answer, it is unavailing under the following statute. (3) Appellant's point 7 is that the court allowed interest on the five hundred dollars for too long a period and that, therefore, the judgment is to that extent excessive, the contention being that demand of payment was necessary before interest would begin to run and that no demand was made except by the institution of the suit.

SMITH. P. J.—In March, 1886, defendant's testator sold a tract of land in Jackson county to the respondents, on which they made payment of five hundred dollars as earnest money. The written contract of sale contained this provision: " Should the title be pronounced defective by the purchasers' attorney, this contract shall be void and the five hundred dollars hereby paid shall be returned to W. S. Field and J. L. Wheeler." The title to the land turned out to be defective and was so pronounced by plaintiff's attorney, a few days after the contract was made ; and this is an action on the written contract to recover back the five hundred dollars earnest money and interest, from the time it became due and payable. No question is made as to the sufficiency of the petition. The evidence showed the making of the contract sued on ; the payment of the earnest money ; that the title to the land was defective in that an undivided interest therein was outstanding in certain heirs of Francis Chouteau, deceased, and was so declared by plaintiff's attorney ; that defendant's testator was immediately notified of the defect in his title, and that plaintiffs declined to take the land on account thereof, and on the opinion of their attorney, and that defendant's testator then, and

at all times thereafter, withheld the five hundred dollars earnest money from the plaintiffs, and neglected and refused to return the same to them.

The case was tried before the court, a jury being dispensed with. The finding and judgment was for plaintiffs. Defendant prosecuted an appeal to this court.

I. The defendant has urged in her brief seven distinct grounds upon which she relies for a reversal of the judgment.

Questions supposed to arise upon the evidence and instructions are discussed in paragraphs 1, 2, 3, 4 and 5 of the defendant's brief, and these we are precluded from considering for the reason there is no reference made to any of them in the motion for a new trial. R. S., sec. 3557 ; *Carver v. Thornhill*, 53 Mo. 283 ; *Cowen v. Railroad*, 48 Mo. 556 ; *Saxton v. Allen*, 49 Mo. 417.

II. The motion for a new trial does, however, charge that the evidence failed to show any demand for the money claimed before the commencement of the suit. Under the provisions of the statute this is immaterial. R. S., sec. 1018. The defendant cites a number of cases, of which *Weil v. Tyler*, 38 Mo. 545, is a type in support of her contention, that a previous demand was a condition precedent to the plaintiff's right of action for the money. These cases are wholly inapplicable. They relate generally to actions on written promises for the delivery of personal property or to actions for the conversion of personal property in certain cases or to actions against an attorney for failing to pay over money collected.

III. The defendant's motion raises the objection to the finding of the court that it was for an excessive amount. The statute allows creditors to receive six per cent. per annum when no greater amount is agreed upon for all moneys after they become due in written

contracts, and on accounts after they become due and demand of payment is made. R. S., sec. 2723.

The defendant's contention is that the court should only have allowed interest from the date of the commencement of the suit, and in support of this contention cites *Southgate v. Railroad*, 61 Mo. 89, but on examination it will be found that was an action on an account, and not on a written contract.

The appeal in this case is destitute of merit and for that reason the judgment is affirmed with ten per cent. damages. All concur.