E. G. STONE, Appellant, v. WOLFSKILL BROTHERS, Respondent.

Kansas City Court of Appeals, November 19, 1894.

Trial Practice: MOTION FOR NEW TRIAL: APPELLATE PRACTICE. Before applying to the appellate court, the party complaining should first ask the trial court to correct its own errors, and by a motion for a new trial so definitely set out the reasons for such new trial as to direct the attention of the trial court to the precise error of which complaint is made.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Davis, Loomis & Davis* and *James L. Davis* for appellant.

The debt due Stone by the testimony of Kenyon, George and Elijah Wolfskill, and their evidence in the case relating to the assumption of this debt by Wolfskill Brothers clearly shows that this was a debt of Wolfskill Brothers, and the finding in the circuit court should have been for plaintiff, allowing his claim against the estate of Wolfskill Brothers. *Turner v. Jaycox,* 40 N. Y. 470; *Williams v. Shelly,* 37 N. Y. 375; *Arnolds v. Nichols,* 64 N. Y. 117; *Miller v. Green,* 55 N. Y. 270; *Lawmer v. Fox,* 20 N. Y. 268; *Burnside v. Fetzner,* 63 Mo. 107; *Crawford v. Greenleaf,* 48 Mo. App. 391; *In re Dawson,* 12 N. Y. Supp. 781.

*F. Sheetz, Miller Brothers* and *Chapman & Leeper* for respondents.

Plaintiff's motion for new trial is insufficient and does not comply with the law, and points out no error for this court to review. The finding of the court in the overruling of said motion was a correct application of the law. *Huppert v. Wessgeber,* 25 Mo. App. 101; *Putnam v. Railroad,* 22 Mo. App. 589; *Sweet v. Maupin,* 65 Mo. 65; *Rambo v. Campbell,* 8 Mo. App. 582.

GILL, J.—This is a suit to charge the estate of Wolfskill Brothers with the payment of a note made by another firm, styled Wolfskill & Kenyon. On the part of the plaintiff, it was claimed that, upon the dis-

solution of the firm of Wolfskill & Kenyon, the new firm of Wolfskill Brothers, as part of the consideration for the purchase of the business, agreed to pay this note executed by Wolfskill & Kenyon to Stone. On a trial by the circuit court, without a jury, there was judgment for defendant and plaintiff appealed.

It is sought here to show that the trial court either misapprehended the facts of the case, or misapplied the law, one or both. But owing to the fact that no instructions were asked or given, and the very general nature of the motion for a new trial, we are not able to discover on what theory of law the case was decided. The motion for new trial filed in the lower court specified only two grounds: *First*, that the court erred in admitting improper testimony on the part of the defendant; and, *second*, that the court erred in rendering judgment for the defendant. And since the defendant offered no evidence at the trial, the only ground relied on was that the court erroneously entered judgment for defendant.

This was entirely too general. The motion failed to call the attention of the lower court to the specific matter of complaint. It is well settled that before applying to the appellate court, the party complaining shall first ask the trial court to correct its own errors; and in so doing must so definitely set out the reasons as to direct the attention of that court to the precise error of which complaint is made. The statute is mandatory that the motion "shall be accompanied by a written specification of the reasons upon which it is founded; and no reason not so specified shall be urged in support of the motion." R. S. 1889, sec. 2085; 1 McQuillin's Pl. and Pr., sec. 928; 2 Elliot Gen'l Pr., sec. 991; *Fox v. Young*, 22 Mo. App. 386; *Putnam v. Railroad*, 22 Mo. App. 589; *Blakely v. Railroad*, 79 Mo·

388; *Sweet v. Maupin*, 65 Mo. 68; *Carver v. Thornhill*, 53 Mo. 283; *Fields v. Baum*, 35 Mo. App. 511.

For aught we know, it may be that the trial judge entertained the same views as to the law applicable to the case as did plaintiff's counsel, but may have differed with them as to the exact facts. And it may be, too, that the court was in error as to the finding of facts; uad, had attention been called thereto by motion for new trial, the trial judge, it may be, would have corrected such error. At all events, it was the duty of the plaintiff first to call the attention of the trial court to the error complained of, and until this was done he has no standing in this court.

There appearing no error in the record proper, the judgment will be affirmed. All concur.