J. E. DAZEY, Appellant, v. F. A. LAURENCE, Respondent.

Springfield Court of Appeals, February 6, 1911.

1. PRACTICE: Parties: Interlocutory Judgment: Admitting New Defendants Before Final Judgment. Plaintiff sued one of the defendants on account of breach of contract, and to have a lien declared on certain real estate. An interlocutory judgment was rendered against this defendant and the cause continued, when at a subsequent term respondent asked to be made a party to the suit for the reason that he had purchased the real estate in question in good faith and without actual knowledge of the pending suit. *Held*, that it was within the power of the trial court in the exercise of a wise discretion to permit respondent to come in and defend any time before final judgment.

Dazey v. Laurence.

2. **LIS PENDENS:** Purchaser Without Actual Knowledge: Equity: Adequate Legal Remedy. Plaintiff sued on account of a breach of contract for the sale of livery stock, under which contract one of the defendants had agreed to secure part of the purchase price by a mortgage on certain real estate, and the suit was to establish a lien on said land. A *lis pendens* was filed at the institution of the suit. Respondent asked to be made a party defendant before final judgment, claiming to be a purchaser of the land in good faith, for value and without actual knowledge of plaintiff's claim. *Held*, that the filing of the *lis pendens* would preclude respondent from holding the land against plaintiff, if to do so would work injury to plaintiff, but the plaintiff must show himself entitled to equitable relief and if the defendant, who breached the contract was solvent and a money judgment could be collected by execution, so that plaintiff had an adequate remedy at law, plaintiff would not be entitled to the lien as against respondent.

3. **EQUITY.** Specific Performance: Discretion of Court. Specific performance of a contract is not awarded by a court of equity as a matter of right, but rests in the sound discretion of the court, and whether it will be granted or withheld in a given case must be determined by the facts of that case, and one of the requisites to the granting of such relief is the absence of an adequate remedy at law.

4. ———: Adequate Legal Remedy: Burden of Proof. In a suit in equity to have a lien declared on real estate, where plaintiff would not be entitled to the relief sought if he has an adequate remedy at law, the burden will be upon plaintiff to show that defendant was insolvent, so that a money judgment could not be collected on execution, when to grant the relief demanded would result in loss to the purchaser of the land in question who bought in good faith and without actual knowledge of plaintiff's claim.

5. **APPEAL AND ERROR:** Calling Trial Court's Attention to Error. In a suit for specific performance of a contract, or to have a lien declared on certain real estate, which had been purchased from defendant by another party during the pendency of the suit, the relief prayed for was denied and it did not appear that plaintiff had asked for a money judgment against defendant, nor that he had called the trial court's attention in his motion for a new trial, to the fact that he was entitled to a money judgment. *Held*, that he is not in a position to insist upon such judgment in the appellate court.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman*, Judge.

Dazey v. Laurence.

AFFIRMED.

*Cole, Burnett & Moore* for appellant.

(1) As disclosed by Laurence's application to be made a party defendant, plaintiff, upon bringing his suit, had filed in the office of the recorder of deeds, long prior to the deed from Elvin to Laurence, a notice of the pendency of his suit; this was in accordance with the statute, and Laurence took with notice of that contract with plaintiff. R. S. 1909, sec. 8211; Rosenheim v. Hartsock, 90 Mo. 364; Turner v. Babb, 60 Mo. 342; O'Reilly v. Nicholson, 45 Mo. 166; Turner v. Edmonston, 210 Mo. 420. (2) When a court of equity is once possesed of a cause it may do complete justice, even to rendering a money judgment. Haven v. Bank, 182 Mo. 345; Harrison v. Craven, 181 Mo. 602; Lamont v. Egg Co., 109 Mo. App. 54. (3) Courts cannot, and ought not to, undertake to relieve parties from the consequences of their own negligence. Robyn v. Pub. Co., 127 Mo. 390; Bosbyshell v. Summers, 40 Mo. 172; Weimer v. Morris, 7 Mo. 6. (4) It is an established rule of practice in this state that in order to justify a trial court in setting aside a judgment by default, the defendant must show (1) that he has good reason for the default, and (2) that he has a meritorious defense. Hoffman v. Loudon, 96 Mo. App. 192; Harkness v. Jarvis, 182 Mo. 231; Colter v. Luke, 129 Mo. App. 707; Dye v. Bowling, 82 Mo. App. 591. (5) In absence of fraud, etc., courts specifically enforce contracts. And while specific performance is not decreed as a matter of course, yet the refusal must not be arbitrary or capricious. Kilpatrick v. Wiley, 197 Mo. 172; Evans v. Evans, 196 Mo. 23; Brevator v. Creech, 186 Mo. 572.

*Thos. J. Smith* for respondent.

(1) An interlocutory judgment or decree, made in the progress of a cause is always under control of the

court until the final decision of the suit, and it may be modified or rescinded upon sufficient grounds shown, at any time before final judgment, though it be after the term in which the interlocutory sentence was given. 1 Black on Judgments, sec. 308; R. S. 1909, sec. 2094; Smith v. Scott, 133 Mo. 623; Sinclair v. Lead & Zinc Co., 87 Mo. App. 274. (2) The contract sued on in this case is unilateral in its terms, and because there was no undertaking therein by the defendant Frank Elvin to do anything it was not enforceable against him. Richardson v. Hardwick, 106 U. S. 252; Stitt v. Heirdekoper, 17 Wall. 385; Robinson v. Mining Co., 5 L. R. A. 773; Gustin v. School Dist., 54 N. W. 156; Phoenix Ins. Co. v. Kerr, 129 Fed. 723. (3) The plaintiff, in order to recover as for a specific performance, must not only show his ability and willingness to specifically perform the contract himself, but must tender such performance. Mastin v. Halley, 61 Mo. 202. (4) The appellant is in no attitude to allege as error here the failure of the court below to render a personal judgment for damages in his favor and against the defendant Frank Elvin, even if it had been warranted under the petition, for the reason no such error was specifically called to the attention of the court below in the motion for a new trial. Sweet v. Maupin, 65 Mo. 65; Bollinger v. Carrier, 79 Mo. 318; Hamman v. Coal Co., 156 Mo. 232; Cook v. Clary, 48 Mo. App. 166; Lynch v. Railroad, 208 Mo. 44.

COX, J.—The essential facts out of which this litigation grew are as follows:

On December 23, 1907, the following contract was entered into between plaintiff and defendant, Frank Elvin.

"FINDLEY, ILLINOIS, December 23, 1907.
"I have this day sold to Frank Elvin my livery stock in Pontiac, Ill., for the sum of six thousand dol-

lars to be paid in the following manner—$500 cash, $500 on or before April 1st. 1908, $2000 in merchantable notes, $3000 secured by mtge. on south half of Sec. 15, Ozark Tp., Barton Co., Mo., to run for a period of five years from Dec. 1st, 1907, int. at the rate of five per cent payable semi-annually. Said livery stock is to remain in possession of J. E. Dazey until deal is consummated.

"J. E. DAZEY,
"FRANK ELVIN."

Defendant, Frank Elvin, refused to comply with this contract and conveyed the land mentioned therein to his brother, J. C. Elvin, and also executed some form of statement setting forth that one J. M. Harlow was the owner of a one-third interest in the land. The deed to J. C. Elvin, and the statement as to Harlow's interest, were filed for record in Barton county. On defendant Frank Elvin's refusal to comply with the contract upon his part, plaintiff sold the livery stock mentioned in the contract at public auction, from which sale he realized $4559.35 for which he gave proper credit, then brought this suit alleging the facts above set out, and further alleging that the conveyances of the property were fraudulent, alleged the insolvency of Frank Elvin and prayed an accounting and a decree of specific performance requiring defendant, Frank Elvin, to execute the mortgage provided for in his contract and for general relief. Personal service was had upon defendants, Frank Elvin and J. C. Elvin, and a *lis pendens* was filed by plaintiff. On April 15, 1908, default judgment was entered for plaintiff. The cause was continued for two terms without final judgment having been rendered, and on January 11, 1909, F. A. Laurence was on his own application, and against plaintiff's objection, made a party defendant on the ground that he claimed to be the owner of the land described in the contract, and by leave of the court filed an answer which was a general

denial and plea that he had purchased the land from J. C. Elvin, that J. C. Elvin had purchased from Frank Elvin, and that both Laurence and J. C. Elvin bought in good faith without actual knowledge of plaintiff's claim for a lien on the land. Upon motion of defendant Laurence the default judgment was set aside and a hearing had on the question as to whether plaintiff's demand against Frank Elvin should be enforced against the land. The court heard the testimony and dismissed plaintiff's bill, and he has appealed.

As a preliminary question plaintiff insists error was committed by the court in permitting Laurence to be made a party and to defend in this case after default judgment had been entered. Laurence purchased the land after the suit was begun, but as he claimed to have purchased the land in good faith for value and without actual knowledge of the pending suit, it was within the power of the court, in the exercise of a wise discretion, to permit him to come in and defend any time before final judgment. [R. S. 1909, sec. 2094.] And we do not think that discretion was unwisely exercised in this case. If it were true, as claimed by Laurence, that he had paid value for the land without actual knowledge of plaintiff's claim, it was but fair to him that plaintiff should be required to show some ground for fastening his claim upon this land before he should be permitted to subject it to the payment of his debt, and thus deprive Laurence of his title thereto.

The filing of *lis pendens*—which filing was admitted by defendant Laurence—precluded Laurence from holding the land against plaintiff if to do so would work injury to plaintiff. The fact, however, that Laurence claimed to have purchased the land in good faith and without actual knowledge of plaintiff's claim, made it the duty of the court to protect Laurence's interest in this land if it could be done without injury to plaintiff. Whether this judgment should stand or fall must, there-

fore, depend upon whether plaintiff has shown himself entitled to equitable relief by a decree for specific performance, or for a money judgment and a lien upon this land to enforce it.

Specific performance of a contract is not awarded by a court of equity as a matter of right, but rests in the sound discretion of the court and whether it will be granted or withheld in a given case must be determined by the facts of that case. [Davis v. Petty, 147 Mo. 374, 48 S. W. 944; Brevator v. Creech, 186 Mo. 558, 572, 85 S. W. 527; Sease v. Cleveland Foundry Co., 141 Mo. 488, 42 S. W. 1084; Gottfried v. Bray, 208 Mo. 652, 660, 106 S. W. 639.] When a party asks specific performance it is the duty of the court to consider the interests of everybody concerned and if, under the circumstances of the case, it would be inequitable to enforce specific performance, such relief will be denied. [Veth v. Gierth, 92 Mo. 97, 104, 4 S. W. 432.]

One of the requisites to the exercise of equitable jurisdiction is the absence of an adequate remedy at law. Equity does not supplant the law but only lends its aid when the legal remedy is in some way inadequate. The real end sought to be attained in this case is damages for a breach of contract and security for such damages. Why should the security be exacted and what reason is there for asking a court of equity to enforce it as a lien upon the land in question? If defendant, Frank Elvin, who breached his contract, is solvent so that a money judgment can be collected by execution, then plaintiff has an adequate remedy at law and there is no occasion for him to apply to a court of equity for protection. There is no testimony whatever in this case as to whether defendant, Frank Elvin, was solvent or insolvent. Plaintiff charged him to be insolvent, but this is put in issue by the answer of Laurence, and since plaintiff is only seeking to recover and enforce collection of a money judgment the burden was upon him to prove the insol-

vency of Frank Elvin in order to place himself in a position to insist upon his right to have his demand made a lien upon the land Frank Elvin had agreed to pledge as security for his debt to plaintiff. Having failed to do this he has failed to show any ground for equitable relief. Especially is this true when to grant the relief demanded would result in robbing the defendant, Laurence, of his title to the land. Such a result ought not to be fostered unless there was some necessity for it.

It is finally insisted by plaintiff that if he is not entitled to specific performance he is, at least, entitled to a money judgment against Frank Elvin. The difficulty in plaintiff's way upon that proposition is that the record in this case fails to show that such relief was specifically asked at the hands of the trial court; neither did the plaintiff in his motion for new trial call the attention of the trial court to the fact that he might be entitled to a money judgment. Not having called the trial court's attention to this matter he is not now in a position to insist upon it here. [Sweet v. Maupin, 65 Mo. 65; Lynch v. Railroad, 208 Mo. 1, l. c. 44, 106 S. W. 68.] The judgment will be affirmed. All concur.