EMPORIUM REAL ESTATE AND MANUFACTURING CO.

*v.*

J. REECE EMRIE *et al.*

| 54  | 345 |
| 99a | 511 |

OFFICERS *of a private corporation—of their right to apply property of the corporation to the payment of debts due them.* The president of a private corporation, claiming that the corporation was indebted to him for his salary as president and for services as an attorney at law, caused its secretary to assign to him certain certificates of purchase of land held by the corporation, and in their possession as officers thereof. Upon bill filed by the corporation to compel a surrender of the certificates, it was *held*, the officers could not thus apply property of the corporation in their possession to the payment of debts due them. They could acquire no lien for such purpose, and the officer obtaining the certificates in that manner should surrender them to the corporation unconditionally.

WRIT OF ERROR to the Circuit Court of Pulaski county; the Hon. WESLEY SLOAN, Judge, presiding.

The opinion states the case.

Mr. J. DOUGHERTY, Mr. THOMAS S. CASEY and Mr. CHARLES H. PATTON, for the plaintiffs in error.

Messrs. MULKEY, WALL & WHEELER, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

Emrie, one of defendants in error, being president of a corporation known as The Emporium Real Estate and Manufacturing Company, and claiming that the corporation was indebted to him for his salary as president, and for his services as an attorney at law, caused its secretary to assign to him certain certificates of purchase issued by the sheriff of the county to

the company, on a sale of real estate under a judgment in favor of the company. The company thereupon filed this bill to compel a surrender of the certificates, and to enjoin the sheriff from making a deed to Emrie. The circuit court decreed a surrender of the certificates, upon payment by the company to him of $1457.86, within six months; that he should retain the certificates as security, and if the money should not be paid in six months, his title to the certificates should become absolute, and the sheriff should make him a deed.

This decree can not be sustained. Emrie and the secretary of the company held these certificates merely as the servants of the company. Their possession was the possession of the corporation, and they had no more right to appropriate these certificates for the individual benefit of one of them, than they had to seize and carry away the furniture of the company's office. The claim of the president had not been allowed by the board of directors or by a committee appointed by them. In effect, the president audited his own demand, and then seized upon property for its payment. This can never be permitted to the officers of corporations. The toleration of such practice would be destructive of the rights of creditors and of stockholders. The assets would be at the mercy of the officers, who have no legal or equitable right to control them, except for the benefit of the company. The case is not at all analogous to those in which the law gives to an agent or attorney a lien on property in their possession for any balance that may be due from the principal. In such cases, the property is in the individual possession of the agent, and legally so. This possession being legal in its inception, he has a right to retain until whatever is due him, in connection with the property, is paid. But in this case, the certificates were not in the individual possession of the secretary or the president, but in that of the company, and the possession acquired by the president, without the consent of the directors, was simply tortious—an illegal conversion of corporate property to his private use.

Having, then, wrongfully acquired possession of the certificates, without legal or equitable right to them, and by an abuse of his official trust, he can not now be permitted to set up an equitable lien and claim the payment of his debt before restoring them to the rightful owner. He can not thus avail himself of his own wrong. The court should have decreed a return of the certificates without condition.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*