BLAKELY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY,
*Appellant.*

1. **Railroads:** DOUBLE DAMAGES FOR KILLING LIVE STOCK: PLEADING.
A petition in an action against a railroad company under the 43rd
section of the Railroad Law, (R. S. 1879, ? 809,) for the killing of a
sow, alleged that the sow "strayed upon said railroad track and was
killed in consequence of the failure of defendant to erect and main-
tain a good and lawful fence on the sides of its said railroad at the
point where said sow was killed, as in law it was bound to do."
*Held*, on the authority of *Edwards v. Railroad Co.*, 74 Mo. 117, and
*Belcher v. Railroad Co.*, 75 Mo. 515, that the petition stated a good
cause of action.

2 **Practice.** This court will not consider an objection based on the
want of evidence, if the attention of the trial court was not called
to it in the motion for new trial.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB,
Judge.

AFFIRMED.

*Geo. W. Easley* for appellant.

*S. B. Green* for responaent.

NORTON, J.—This case is before us on defendant s ap-
peal from the judgment of the circuit court of Buchanan
county, and while several grounds of error are set out in
the motion for new trial, counsel in his brief relies mainly
upon the following, viz., that the petition does not state
facts sufficient to constitute a cause of action.  This objec-
tion is best answered by the statement itself, which, after
omitting so much thereof as relates to the incorporation of
defendant, etc., is as follows :

Plaintiff further states, that on the 15th day of May,
1879, in said Wayne township, in the county and State
aforesaid, at a point on said railroad in said township where
a good and lawful fence or any fence was not erected or

Blakely v. The Hannibal & St. Joseph Railroad Company.

maintained on the sides or either side of said railroad by defendant or any one else, and where said railroad was not crossed by a public highway or public crossing, and where said railroad passed through uninclosed lands, said defendant, by its servant and agent, while then and there operating its said railroad and engine and train of cars thereon, did unlawfully and negligently run its engine and train of cars against and strike and kill one sow, then and there being the property of this plaintiff, of the value of $75; that said sow strayed upon said railroad track and was killed in consequence of the failure of defendant to erect and maintain a good and lawful fence on the sides of said railroad at the point where said sow was killed, as in law it was bound to do; that by virtue of an act of the general assembly of the State of Missouri, approved April 26th, 1877, entitled "An act to amend an act entitled an act to amend section 43 of chapter 63 of the General Statutes of Missouri, entitled of Railroad Companies," approved April 18th, 1875, plaintiff is entitled to double damages for the killing of said sow; wherefore plaintiff asks judgment for the sum of $150 and his costs.

The second count of the statement is like the above, except that plaintiff sues for five hogs killed June 1st, 1879, valued at $50, for which he also asks double damages.

The above petition, we think, sufficiently states a cause of action, and does not fall within that class of statements condemned by the case of *Bates v. Railroad Co.*, 74 Mo. 60, but rather falls within that class approved in the cases of *Edwards v. Railroad Co.*, 74 Mo. 117, and *Belcher v. Railroad Co.*, 75 Mo. 515.

1. RAILROADS: double damages for killing live stock: pleading.

It is further objected that there was no evidence offered to show how long the fence had been down when the hogs got on the track. This objection is not tenable for the reason that the attention of the trial court was in no way called to it in the motion for new trial, and

2. PRACTICE.

for the further reason that the witnesses stated that the road was not fenced at all at that point.

Judgment affirmed, in which all concur.