Thomas Fox, Respondent, v. N. S. Young et al., Appellants.

Kansas City Court of Appeals, May 24, 1886.

1. Practice — Motions — Specification of Reasons Upon Which Founded.—The plain and commendable purpose of the statute relating to *motions* (Rev. Stat., sect. 3557), that they "shall be accompanied by a written specification of the reasons upon which they are founded, and no reason, not so specified, shall be urged in support of the motion," was, *first*, to allow the trial court an opportunity to correct its errors. And unless the ground of objection is urged in the motion for new trial, it cannot avail the appellant in this court.

2. Action—Contract of Hiring—Case Adjudged.—Where plaintiff let his mule to defendant, under a special contract, expressly limiting the use to which he might put it, and prohibiting its employment in a way deemed to be dangerous, and against the protest of plaintiff's servant, defendant used the mule in the prohibited way, in violation of the express agreement, and injury results, the injury is attributable to the hirer, and he is liable for the consequent damage.

Appeal from Livingston Circuit Court, Hon. James M. Davis, Judge.

*Affirmed.*

The case is stated in the opinion.

Frank Sheetz, for the appellants.

I. There was no evidence of any consideration for the hiring, nor of the value of the animal killed. And the court erred in overruling demurrer to evidence.

II. The evidence made the driver the servant of plaintiff, and plaintiff must bear the loss. *Barry v. St. Louis*, 17 Mo. 121; *Morgan v. Bowman*, 22 Mo. 538.

Davis & Broaddus, for the respondent.

I. Grounds of objection, not set forth in the motion

for new trial, will not be heard in the appellate court. *Carver v. Thornhill*, 53 Mo. 283; *Brady v. Connelly*, 52 Mo. 19.

II.    The cases of *Barry v. St. Louis* (17 Mo. 121), and *Railroad v. Norwood* (52 Am. Rep. 191), have no application to this case, because the injury was occasioned by the violation of the agreement.    The cases cited by *appellants* are relied on to support *respondent's* judgment.

III.    The finding of the court is conclusive, when both the law and facts are submitted to the court.    *Hamilton v. Boggess*, 63 Mo. 233,

PHILIPS, P. J.—This is an action to recover the value of a mule, the property of plaintiff, alleged to have been killed through the wrong of defendant.    The petition alleges that plaintiff hired to defendant a pair of mules to do certain work on a railroad track which defendant was constructing as contractor; that, by the express terms of the contract of hiring, the defendant was not to employ said team by working them to a scraper, as this could not be done without danger to them.    That defendant, in violation of such agreement, caused the said team to be hitched to a scraper, whereby they became alarmed and ran off, one of them being killed.    The value of the mule injured is alleged to be two hundred dollars.

The answer, after tendering the general issue, pleaded that plaintiff hired said team to do general work in the construction of the railroad, and sent along with it his own driver, who had the sole management of the team for plaintiff, as his servant, and while the team was being worked to the scraper, through the carelessness and negligence of the driver, the injury occurred; and that the team was put to said scraper without the knowledge or consent of defendant.

The plaintiff's evidence tended to support the issues on his part, respecting the terms of said hiring, and the manner of the injury.    The plaintiff's evidence tended

to show that one Slinger, who had charge of the hands, etc., on said work, under the defendant, was present at the time of the contract, and heard and understood the same; that he forced the driver of the team, furnished by plaintiff, to work the team to the scraper against the protests of the driver, and that the mule took fright at the scraper without the fault of the driver.

The defendant's evidence tended to show that the contract of hiring was without the limitation claimed by plaintiff; and that the driver stepped on a clod and fell over on the scraper and thereby frightened the team.

The court, sitting as a jury, found the issues for the plaintiff, and entered judgment for the sum of one hundred and fifty dollars. Defendant has appealed.

I.   The first point made by appellant against the verdict is, that the record fails to show there was any evidence as to the value of the mule. This objection cannot avail the appellant, for the reason that nö such ground was urged in the motion for new trial.

This case fitly illustrates the importance of the statutory requirement that "all motions shall be accompanied by a written specification of the reasons upon which they are founded, and no reason, not so specified, shall be urged in support of the motion." While we are not permitted to assume the existence of a fact not shown by the record, when the bill of exceptions sets out what purports to be the evidence, yet, we have no doubt that evidence was given touching the value of the mule, and if there was not, had the defendant, in his motion for new trial, pointed out the omission, as required by the statute, it would have enabled the court to rectify the error in the bill of exceptions without this appeal. The plain and commendable purpose of the statute was to first allow the trial court an opportunity to rectify its errors. The motion for new trial in this case only assigned that the verdict was against the evidence. There was no claim made that there was no evidence, or that it was insufficient. Trial courts are not to be entrapped by such gen-

eral and indefinite assignments.    *Blakely v. Railroad,* 79 Mo. 388 ; *Carver v. Thornhill,* 53 Mo. 285.

II.    Nor did defendant save this objection by the instruction asked, in the nature of a demurrer to the evidence.    On mere proof of the injury to the mule, if defendant was otherwise liable, the plaintiff was entitled to nominal damages.    *Brown v. Emerson,* 18 Mo. 103; *Owen v. O'Reilly,* 20 Mo. 603.

III.    The only other question raised by appellant is, that as plaintiff furnished his own driver, and the team was so in his possession, the defendant is not liable. *Barry v. City of St. Louis,* 17 Mo. 121, and *Morgan v. Bowman,* 22 Mo. 538, are cited in support.    These, and like cases, have no application to the facts of this case. There is no question that had the plaintiff, without more, hired his mule to defendant, and sent his own servant along with it to drive and manage it, and it had been injured under his management, the plaintiff could not recover.    But general rules must yield to special contracts.    The court, by its verdict, and the law, as declared in the instructions, found the facts to be that plaintiff let his mule to defendant under a special contract, expressly limiting the use to which he might put it, and prohibiting its employment by attaching it to a scraper, as it was dangerous.    Against the protest of plaintiff's servant, defendant, through his agent, did put the mule to the scraper, in violation of the express agreement.

Even in the absence of such express contract, had the injury resulted from the direction of defendant's agent to use the mule in a certain way, against the consent and protestation of the driver, the injury would be attributable to the hirer, and not to the latter.    Wood on Master and Servant, sect. 317, pp. 630–631.

Plaintiff has sued on the special contract, and we know of no law that would prevent him from recovering, provided he has proven the contract, its breach, and con-

sequent damage.   The contract was lawful, and the damages claimed resulted directly from its breach.

The declarations of law given show that the court tried the case on the proper theory.   Its finding on the facts are just as obligatory on this court as if by a jury of the country.   *Snyder v. Burnham,* 77 Mo. 52.

It follows that the judgment of the circuit court should be affirmed, which is accordingly so ordered.   All concur.