GEORGE W. PUTNAM, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 14, 1886.

I. PRACTICE—FAILURE OF PROOF—MOTION FOR NEW TRIAL.—The claim in this court, that there was a failure of proof, will not avail the defendant here, unless he called the attention of the trial court to such objection by the motion for a new trial. The motion for a new trial must *specify* the reasons upon which it is founded.

2. PLEADING—PETITION—CAUSE OF ACTION.—Even where a petition is incoherent, and clumsily drawn, if, taken altogether, it states a cause of action, it is sufficient.

APPEAL from Livingston Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

Statement of case by the court.

This was an action under section 809, Revised Statutes, for double damages on account of the killing of certain hogs, the property of plaintiff. The action was begun before a justice of the peace. From a judgment there rendered against it the defendant appealed to the circuit court. The case was tried by the circuit court

sitting as a jury. Judgment was again rendered against the defendant.

The bill of exceptions contains the following stat $\phi$ ment as to the evidence:

"The plaintiff offered evidence tending to prove the ownership, loss, and value of his property, and that the road was not fenced, and had not been for four months, of which defendant had notice by plaintiff. That plaintiff's land lay all on one side of the road, and that he had offered to keep up the fence for the privilege of joining to it, but that defendant had refused to accept the offer, and had kept up and maintained said fence. The defendant offered no evidence, and this was all the evidence in the case."

Strong & Mosman, for the appellant.

I. The complaint does not state facts sufficient to constitute a cause of action. Sect. 809, Rev. Stat.; *Asher v. Railroad*, 79 Mo. 432; *Moore v. Railroad*, 81 Mo. 503; *Nance v. Railroad*, 79 Mo. 196; *Jackson v. Railroad*, 80 Mo. 149; *Cecil v. Railroad*, 47 Mo. 246; *Sloan v. Railroad*, 74 Mo. 47.

II. The court erred in rendering judgment for plaintiff. There was a total failure of proof. *Bothwell v. Railroad*, 59 Iowa, 194. There was no evidence of contact of train with the animals. *Halferty v. Railroad*, 82 Mo. 90. Nor that it was in the township where the suit was brought, or one adjoining. *Mitchell v. Railroad*, 82 Mo. 106; *Kitchen v. Railroad*, 82 Mo. 686.

III. The court erred in doubling damages, and in overruling motion for new trial. Cases cited under I.

IV. The court erred in overruling motion in arrest of judgment. Cases cited under I. "And the same will be considered here although no exception had been taken in the court below." *Nance v. Railroad*, 79 Mo. 198; *State ex rel. Reid v. Griffith*, 63 Mo. 548; *Bateson v. Clark*, 37 Mo. 31.

T. H. KEMP, for the respondent.

I. The petition sets up a good cause of action under section 809, Revised Statutes. See sect. 809, Rev. Stat.; *Fickle v. Railroad*, 54 Mo. 219; *Aubuchon v. Railroad*, 52 Mo. 522; *Walther v. Railroad*, 55 Mo. 271; *Saunders v. Railroad*, 57 Mo. 171; *Ibid*, 152; *Slaterly v. Railroad*, 55 Mo. 362.

II. Negligence in running the cars and engine were not necessary to be alleged. Sect. 809, Rev. Stat.; *Mumpower v. Railroad*, 59 Mo. 245.

III. Under the law in this state, where the railroad company is required to fence, etc., if the proof shows its fences out of order, the law presumes that stock damaged and killed on the track by engine or cars got on the track of the road *because of the defectiveness of the fence*. See cases cited in I.

IV. The instructions *refused* to the defendant were either based on no evidence, or were foreign to the law of the case, as raised by the pleadings and evidence, or were irrelevant to the issues in the case.

V. The finding and judgment of the court under the pleading and evidence was right, and could not have been otherwise, *under the proof*.

VI. The action of the court in doubling the judgment was correct under the statute. See petition, and the statute.

VII. The defendant is the appellant, and under the law, it was his right and duty to have preserved and set out in full all the evidence given at the trial, and if he fails to do so the action of the circuit court is presumed to be correct, and this court will not disturb the finding where defendant fails to preserve all the evidence.

VIII. The rule of law that presumes the proceedings of the circuit court regular and legal is founded in the wise policy of the law, and this court will not disregard it, except for the strongest of reasons.

STRONG & MOSMAN, in reply.

I. The statute and cases cited by the plaintiff do not support his positions, either as to cause of action, pleading or proofs. *Fickle v. Railroad*, 54 Mo. 219 ; *Aubuchon case*, 52 Mo. 522 ; *Mumpower v. Railroad*, 59 Mo. 246.

II. It is *not* the law, as stated by respondent, that "if proof shows fences out of order, the law presumes stock damaged or _illed on the track, by engine or cars, got on the track, because of the defectiveness of the fence." Not one of the cases cited, *nor any other case*, decides the law thus. *Fickle case, supra.*

III. We *admit* that this is *our* appeal.

I.

HALL, J.—The defendant contends that there was a failure of proof as to certain facts, essential to the plaintiff's right to a recovery. But is the defendant in a position to make such objection in this court ? He clearly is not unless he called the attention of the trial court to such objection by the motion for a new trial. *Blakely v. Railroad Co.*, 79 Mo. 389 ; *Fox v. Young, ante, p.* 386.

The motion for a new trial set out several grounds or reasons, not one of which can be held to include the objection that there was a failure of proof, unless, indeed, it be the fourth of such grounds or reasons. That is as follows : "4. Because the finding is for the plaintiff when it should have been for the defendant." The motion for a new trial must *specify* the reasons upon which it is founded. *Ballinger v. Carrier et al.*, 79 Mo. 318. The fourth ground of the motion for a new trial in this case would seem to be too general for any purpose, but it certainly did not specify the objection that there was a failure of proof. *Fox v. Young, supra.* Such objection, then, was not called to the attention of the trial court by the defendant

by the motion for a new trial, and cannot be urged by it in this court.

## II.

The statement or petition in this case is incoherent, and clumsily drawn, but taken altogether it, in our opinion, states a cause of action.

Judgment affirmed.   All concur.