C. R. MUMMA, Defendant in Error, v. C. E. STAUDTE, Plaintiff in Error.

### Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE — WAIVER OF EXCEPTIONS —APPLICATION OF RULE—HOW RESTRICTED. — While it is true that all exceptions, not brought to the attention of the trial court, in a motion for a new trial, are deemed waived, this rule applies only to what is *matter of exception*, and not to what is *matter of error*, apparent on the face of the record. The distinction is made in the practice act (Rev. Stat., sects. 3774–3776). In the case of error, apparent on the face of the record, it is the duty of the appellate court to consider the error, *whether any exceptions were taken or not.*

2. ——— APPEALS FROM JUSTICES — WHEN TRIABLE. — It is not now an open question that the circuit court, at the return term of the appeal from a justice's court, can only *try the case de novo*, or continue it to the next term of the court, *at the election of the appellee;* he, having entered his appearance on or before the second day of said term, and cannot *affirm* the judgment so appealed from.

ERROR to Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and remanded.*

Statement of case by the court.

This suit was instituted before a justice of the peace. The plaintiff obtained judgment in the justice's court on July 29, 1885. The defendant appealed from said judgment to the circuit court on August 4, 1885. The October term of the circuit court was the return term of the appeal. On the first day of said term the plaintiff and the appellee in the appeal from the justice's judgment entered his appearance. On the eleventh day of said term of the circuit court the case was called for trial, the plaintiff appeared, but the defendant failed to appear, and, on the motion of the plaintiff, the judgment of the justice was affirmed. The defendant afterward filed a motion asking the court to set aside the judgment for the following reasons :

"1. Because the defendant's counsel has been surprised.

"2. Because, as there was another action for the same cause, between the same parties, pending in Jackson county, Missouri, at the time this suit was brought, it would be against law and equity to allow this affirmance to stand.

"3. Because the defendant's counsel had reason to suppose that plaintiff did not intend to take action in this cause at the present term of this court."

The court denied the motion and the defendant has appealed to this court.

E. C. Mapledoram, C. J. Bower, H. Q. Bridges, for the plaintiff in error.

I. The appeal was regularly perfected in this case ten days before the first day of the term of the circuit court next after it was allowed. The return of the justice having been filed in the clerk's office the court was "possessed of the cause," and it might have been "determined" at such term by a trial *de novo*. Rev. Stat.,

sects. 3052, 3054.  Plaintiff in error having failed to appear and prosecute his case "with due diligence to a decision," and defendant in error having entered his appearance on the first day of the term, it was at the option of the defendant in error to try the case *de novo* or continue it.  "A judgment of affirmance for want of prosecution cannot be taken at the return of the appeal." *Nay v. Railroad*, 51 Mo. 575–7.

II.  A judgment of affirmance can be given *only* when the appellant had failed to give notice of his appeal at least ten days before the *second term* of the appellate court after the appeal is taken ( Rev. Stat., sect. 3057 ), and in such case the duty imposed upon the circuit court, to *affirm or dismiss*, is imperative unless the appellee *voluntarily* appear to the merits.  *Cooksey v. Railroad*, 17 Mo. App. 139.

III.  In the case at bar, however, neither the question of *notice or entering appearance* are involved — it being conceded that the appeal was regularly perfected to the next succeeding term after it was taken — hence, the sole question is, whether a judgment of affirmance. was the proper judgment when the plaintiff in error failed to appear and prosecute ?  Upon this question the Supreme Court, in the latest decision on the subject, has set the matter at rest, albeit, in a case where no notice has been given of the appeal, thus more strongly fortifying our position.  We quote *verbatim* from the decision itself (*Priest v. Railroad*, 85 Mo. 521):  "The majority of the court hold that he (appellee) could not have the judgment affirmed at that term, it being the first term after the appeal was taken, but if he desired to dispose the case at that term he should have offered evidence and proved up his case ; that he could only have a trial *de novo*, not an affirmance, and the following authorities are relied upon, either as asserting that proposition, or as giving support to it :  *Berry v. Union Trust Co.*, 75 Mo. 430 ; *Snider v. Railroad*, 73 Mo. 465 ; *Page v. Railroad*, 61 Mo. 78 ; *Blake v. Downey*, 51 Mo. 437 ; *Nay v. Rail-*

*road,* 51 Mo. 575 ; *Dooley v. Railroad,* 83 Mo. 103."
With these observations, we submit that the judgment
of affirmance was erroneous and ought to be reversed.

SCARRITT & SCARRITT, for the defendant in error.

I. "No exception shall be taken in appeal or writ
of error to any proceeding in the circuit court, except
such as shall have been expressly decided by such court."
Rev. Stat., sect. 3774 ; *Bishop v. Robinson,* 39 Mo. 417 ;
*Ames v. Gilmore,* 59 Mo. 537 ; *Ward v. Quintman,* 65
Mo. 453 ; *Gilstrap v. Fetz,* 50 Mo. 428 ; *Carrothers v.
Carrothers,* 8 N. E. Rep. (Sup. Ct. Ind.) 563 ; *Smith v.
Tatman,* 71 Ind. 171 ; *Teal v. Spangler,* 72 Ind. 385.

II. This case was tried before a justice of the peace
and judgment rendered thereon in favor of the plaintiff,
for the small amount which defendant owed him, and
defendant, simply to harass plaintiff, as his conduct, at
the time and subsequently, shows, appealed the case to
the circuit court, and there filed his answer after plain-
tiffs appeared to the action, in which answer he sets up,
not a defence to the plaintiff's claim, but the same tech-
nical point upon which he relied before the justice of the
peace. The plaintiff entered his appearance in the case,
as required by law, and had a right to have it disposed
of, notwithstanding defendant's efforts to have it con-
tinued by remaining away from the court room when it
was called. There is no evidence in the record to show
that the case was not disposed of as the law directs, not
even in his affidavit does the defendant's attorney state
that no evidence was adduced at the trial, upon which
the judgment was rendered. Even if defendant's posi-
tion be the law this court will not presume that the judge
of the circuit court rendered an illegal judgment, but
there must be some evidence or record showing this fact.
The mere recital of the record that the judgment of the
justice was affirmed, followed by a regular judgment as
if a trial had been had, raises no presumption that the
judgment was illegal. As Judge Slover says, in his

opinion, a re-trial of the case could not result differently, and, in effect, that the court cannot be compelled to take up their time in trying and re-trying little insignificant cases, just to satisfy the spite and spleen of some person whose only object is to harass and vex a party, the results of whose labor and toil he is now appropriating and enjoying.

III. But it seems to us the case should be disposed of on the ground that the point raised in this court was not raised in the motion in the court below, and by failing to do so it was thereby waived.

HALL, J. — Defendant makes the point that the trial court erred in affirming the judgment of the justice of the peace.

In opposition, it is contended by the plaintiff that the defendant, not having made the objection, now presented by him, in his motion to set aside the judgment of affirmance, must be deemed to have waived such objection ; and, in addition thereto, that it does not appear affirmatively from the record that the circuit court affirmed the judgment of the justice, instead of rendering a judgment of its own after a trial had.

I.

It is true that "all exceptions, not brought to the attention of the trial court in a motion for a new trial, are deemed waived." *McCord v. Railroad*, 21 Mo. App. 96, and cases cited ; *Fox v. Young*, 22 Mo. App. 388 ; *Blakely v. Railroad*, 79 Mo. 388 ; *Carver v. Thornhill*, 53 Mo. 285. This rule, however, applies to only what is matter of exception, and not to what is matter of error, apparent on the face of the record. The distinction between matter of exception and matter of error is made by our practice act. Section 3774, Revised Statutes, applies to matter of exception, and section 3776 to matter of error of record. *Bateson v. Clark*, 37 Mo. 34.

Section 3776 requires this court to "examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as shall seem agreeable to law."

It has been held that, under the provisions of said section 3776, if there is any error apparent on the face of the record it is the duty of the appellate court to consider the error, "whether any exceptions were taken or not." *Bateson v. Clark, supra.* In *Witherall v. Harris* (51 Mo. 57), it was said, Bliss, J., delivering the opinion of the court: "So a motion [for new trial] is necessary to enable us to examine into the errors that were committed at the trial; but if the pleadings and judgment sufficiently show the language of the will, we may review the construction given it by the court, and, if erroneous, the judgment cannot be sustained." The rule, as stated in *Bateson v. Clark,* has been approved in *State ex rel. v. Griffith* (63 Mo. 548), and *Pelz v. Eichele* (62 Mo. 178). In *Sweet v. Maupin* (65 Mo. 70), all the prior decisions in this state on the subject were reviewed and the conclusion reached that the appellate court "should review the action of the lower courts, in the absence of appropriate motions, only where the defect, 'apparent on the face of the record,' is *fatal* in its character." This subject was discussed by the Supreme Court last in *McIntire v. McIntire* (80 Mo. 473). In the words of Martin, C., who delivered the opinion in the last named case, "It may be safely asserted that the appellate court will reverse for fatal error, apparent on the face of the record, although no motion in arrest or for review has been made."

## II.

The suggestion made by the plaintiff, that it does not affirmatively appear from the record that the circuit court affirmed the judgment of the justice, instead of

rendering a judgment of its own, after a trial had, is not well made. The record shows that the defendant, "failing to appear and prosecute his appeal, and on motion of plaintiff, the judgment of the justice of the peace, rendered herein on the twenty-ninth day of July, A. D., 1885, for the sum of one hundred and fifty dollars, is by the court affirmed." It is thus affirmatively made to appear that the circuit court, without trial, on motion of the plaintiff, affirmed the judgment of the justice of the peace.

### III.

The facts on which the defendant bases his objection to the judgment of the circuit court are apparent of record. If it was error for the court to render the judgment, the error is material ; it is not merely an error as to form, but it goes to the very power and jurisdiction of the court. The objection is not made to the form of the judgment, but is made to the power of the court to render the particular judgment.

That the circuit court, at the return term of the appeal, can only try the case *de novo*, or continue it to the next term of the court, at the election of the appellee, he having entered his appearance on or before the second day of said term, and cannot affirm the judgment of the justice of the peace is not now an open question. *Priest v. Railroad*, 85 Mo. 523.

The judgment is reversed and the cause remanded. All concur.