PETER PIERSON, Respondent, v. AARON SLIFER, Appellant.

Kansas City Court of Appeals, January 2, 1893.

1. **Fraudulent Conveyances**: PARTICIPATION IN FRAUDULENT DESIGN. One who purchases of a vendor, selling with intent to hinder and delay his creditors, will not be a *bona fide* purchaser, if he participates in the fraudulent purpose of his vendor, or knew of his intent, or of facts sufficient to put him on his inquiry.

2. ———: KNOWLEDGE BEFORE PAYING PURCHASE MONEY: NOTE. Though the purchaser of a fraudulent vendor did not know of his fraudulent design at the time of the purchase, yet, if he knew thereof

before paying the purchase money, he will not be protected; but this rule will not apply where a note is given for a part of the purchase, which before due has passed into the hands of an innocent party.

3. **Practice, Appellate:** REVIEWING FACTS. When the cause is tried before the court without a jury, the appellate court will no more interfere with the finding of facts than with the verdict of the jury.

4. ———: INSTRUCTIONS: MOTION FOR A NEW TRIAL. The complaint that a finding in replevin was excessive by two barrels of whiskey will not be noticed in the appellate court, when no such point was made by instruction or in the motion for a new trial, and the statement in the motion that the verdict is against the evidence and the weight of evidence is not sufficient.

5. **Evidence:** WHETHER GOODS PAID FOR: HARMLESS ERROR. Where the purchaser's good faith is in issue, whether he thought the goods bought were paid for may if properly·connected be pertinent, but in this case its rejection in evidence is harmless, since he testified he knew of no debts except those he assumed.

*Appeal from the Livingston Circuit Court.*—HON. JOHN E. WAIT, Special Judge.

AFFIRMED.

*H. B. Davis* and *Lewis A. Chapman*, for appellant.

(1) If the object of the defendant in the attachment in making the sale to the vendee was to defeat the creditors in their efforts to collect their debts, three conditions must concur to protect the vendee's title: *First.* He must buy without notice of the bad intent on the part of the vendor. *Second.* He must be a purchaser for a valuable consideration. *Third.* He must have paid the purchase money before he had notice of the fraud. *Cheek v. Waldron,* 39 Mo. App. 21. (2) So that at the time of the levy there was $1,045.50 unpaid of the alleged purchase money. If the whole consideration had not been paid it vitiated the whole transaction. *McNichols v. Rubleman,* 13 Mo. App. 515–22; *Allen v. Berry,* 50 Mo. 90; *Cheek v.*

*Waldron,* 39 Mo. App. 21; *Dougherty v. Cooper,* 77 Mo. 528; *Arntrolett v. Hartwig,* 73 Mo. 485; *Young v. Kellar,* 94 Mo. 581; *Coffin Co. v. Rubelman,* 15 Mo; App. 280. (3) The court erred in sustaining plaintiff's objection to defendant's question on plaintiff's cross-examination: "You thought these whiskeys were paid for?" (4) The case was tried by the court sitting as a jury, and this court will not consider the instructions, but will review the whole case paying regard to the instructions only as indicating the theory on which the case was tried. *State ex rel. v. Shobe,* 23 Mo. App. 474.

*Frank Sheetz,* for respondent.

(1) Appellant claims that plaintiff's recovery was excessive by two barrels of whiskey. The appellant has set out in his abstract such evidence as he desires, and gives the remainder "substantially." This court will not go through the record and weigh the evidence, and, besides, no such point was called to the attention of the trial court by motion for new trial or otherwise. *Orr v. Rode,* 101 Mo. 399; *Fox v. Young,* 22 Mo. App. 388. (2) Appellant complains that the lower court erred in excluding the question put to plaintiff: "You thought these whiskeys paid for?" This objection was not specifically called to the attention of the trial court in the motion for new trial. The general objection to the exclusion of evidence is not sufficient therein. There was no error in excluding it. It made no difference if plaintiff knew they were not paid for, if he bought them honestly, and the court found that he did. *Morgan v. Wood,* 38 Mo. App. 264, and cases cited. (3) The instructions given by the court on behalf of appellant were more than he was entitled to, and those refused were not the law of this case. If appellant wished this court to pass on their refusal, he

should have given all the testimony, and not what he considers the substance of it. *Pembroke v. Railroad*, 32 Mo. App. 69; *City of Kansas v. O'Connor*, 36 Mo. App. 597. The appellant has overlooked the distinction made by the books, where a creditor buys, and a mere purchaser. *Morgan v. Wood*, 38 Mo. App. 264; *Shelley v. Booth*, 73 Mo. 77; *Albert v. Besel*, 88 Mo. 152; *Frederick v. Allgaier*, 88 Mo. 603; *Sexton v. Anderson*, 95 Mo. 379.. (4) This case was fairly tried and the lower court heard all the evidence, and saw the witnesses. The appellant called Mr. Schneider in his behalf, and examined him to his satisfaction, and failed to show any fraud or knowledge of fraud on the part of respondent, and the trial court so found, and this court, with only part of the evidence before them will not interfere with that finding. The judgment is for the right party, and should be affirmed.

ELLISON, J.—This is an action of replevin whereby it is sought to recover the possession of a certain stock of saloon merchandise. Plaintiff recovered below on a trial before the court without a jury.

Defendant is the sheriff of Livingston county, and justifies his possession and detention of the goods by reason of several writs of attachment which he levied upon them at the suit of several creditors of one Schneider, from whom plaintiff purchased the stock. That Schneider sold to plaintiff for the fraudulent purpose of hindering his creditors, seems to be conceded; and it is so declared in defendant's instructions. This leaves only the question whether plaintiff participated in such fraud. That question was before the trial court sitting as a jury, and has been determined in plaintiff's favor under declarations of law given at defendant's instance, which were as full, liberal and complete a statement of defendant's theory as he could

reasonably ask. No declarations were asked by plaintiff, and of the three refused for defendant all in them which was proper had been already covered by those given. All else in them was improper. Those given declared in terms that Schneider's purpose in selling was to defraud his creditors, and, that if plaintiff participated in this design, or knew of such intent, or knew facts sufficient to put a reasonable man on inquiry, that he could not recover. They further declared that although plaintiff had no knowledge at the time of the sale to him, yet, if he had such knowledge before paying the purchase money, he would not be protected. And, finally, that all these matters could be proven by circumstances. Certainly the defendant ought not to complain of these declarations. It is true that as a part of the consideration of the purchase plaintiff gave his note, which was not paid at the time of the attachment, but it was transferred to third parties. So the debts assumed by the plaintiff were not at the time paid, but his obligation to pay them was complete.

From a remark in defendant's brief it appears to be asserted, though probably not intended, that, since the cause was tried by the court without a jury, we are authorized to go into the whole case and pass upon the weight of the evidence. This we cannot do any more than we would interfere with the verdict of a jury. The court stands, by the action of the parties, as a jury. It is not for us to say whether the finding was right or wrong if there was evidence to sustain it.

The point is made that the finding is for two barrels of whiskey not shown to have been purchased by the plaintiff. No such point was made by the declaration given or refused, and no such point is made in the motion for new trial. We will, therefore, not notice it. *Orr v. Rode*, 101 Mo. 399; *Jacobsmeyer*

*v. Poggemoeller*, 47 Mo. App. 560; *McNichols v. Nelson*, 45 Mo. App. 446; *Fox v. Young*, 22 Mo. App. 386. A statement in the motion for new trial, that the verdict is against the evidence or against the weight of the evidence, is not sufficient to call the attention of the court to a complaint of excessive verdict; or to specific property among a large lot not being included in the proof.

The only matter presented which has given us any trouble was when the court refused to permit the plaintiff to be asked on cross-examination whether he "thought these whiskeys were paid for," when he purchased them. This question being on cross-examination might probably have been followed by other matters with which it could properly connect, and thus possibly impeach plaintiff's good faith in his purchase. But since plaintiff had already, on cross-examination, explicitly declared that he knew of no debt owing by Schneider (save those he assumed), we do not deem the refusal of the question to be a prejudicial error.

We find nothing in the record to justify us in disturbing the judgment, and it is, therefore, affirmed. All concur.