PRICE BAKING POWDER COMPANY, Appellant, v. CALUMET BAKING POWDER COMPANY, Respondent.

Kansas City Court of Appeals, December 4, 1899.

1. **Injunction: DAMAGES ON BOND: FINAL DECREE.** Damages arising from a temporary injunction can not be assessed until a liability has arisen on the bond, and this can not arise before a final decree, but a dismissal of the petition after the dissolution without a final hearing fixes the liability.

2. ———: ———: ———: **WAIVER.** Where the motion to assess damages is filed before the dismissal or final hearing and the plaintiff appears to the motion and without objection tries the damages and makes no complaint of prematureness, in his motion for a new trial, he waives the same.

3. ———: ———: **INSUFFICIENT PETITION: WITNESS FEES.** Where defendant secures the dissolution of an injunction because of the insufficiency of the petition, he is entitled to attorneys' fees as damages but not the fees and expenses of witnesses attending for the purpose only of securing the dissolution.

Appeal from the Macon Circuit Court.—*Hon. Andrew Ellison*, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*M. D. Campbell* for appellant.

(1) The damages allowed on the dismissal of a temporary injunction are only such as are the actual and proximate

cause of the wrongful issuing. Holloway v. Holloway, 103 Mo. 274. There can be no recovery for improvident or imprudent expenditures. 10 Am. and Eng. Ency. of Law, p. 996 and cases cited. (2) In this case $253.03 of the recovery was expended by defendant in procuring the attendance of witnesses and *ex parte* affidavits to be used upon the hearing of the motion made in vacation to recall the temporary writ. These witnesses and affidavits were not used and could not have been used for the purpose for which they were procured and certainly not on the hearing of said motion. The only issue presented by the motion to recall was failure of the petition to state a cause of action. Upon the issue so joined evidence could not have been admitted. (3) The injunction suit was brought and temporary writ issued against Calumet Baking Powder Co. and some ten codefendants. The motion for assessment of damages is made by Calumet Baking Powder Co. only and no cause is shown for the non-joinder of the other defendants. A motion to assess damages must be joined in by all defendants or cause shown for such non-joinder or there can be no recovery. Ohnsorg v. Turner, 33 Mo. App. 488. We therefore insist this cause should be reversed.

*Blevins, Lyon & Swarts* and *Pam, Donnelly & Glennon* for respondent.

(1) The Macon county circuit court was, therefore, justified in assessing not only attorneys' fees, but also the traveling expenses of the officers of the respondent and the procuring of *ex parte* affidavits, and other losses, as damages to which the respondent was entitled. Bohan v. Casey, 5 Mo. App. 101; Skrainka v. Oertel, 14 Mo. App. 474; Railway v. Schneider, 30 Mo. App. 620, 624; Hammerslough v. B. L. and Sav. Ass'n, 79 Mo. 80, 87; Holloway v. Holloway, 103 Mo. 274; Trust Co. v. Stewart, 115 Mo. 236, 245. (2) The

second point made by the appellant is, that the motion to assess damages is made by the Calumet Baking Powder Company only, notwithstanding the fact that there are several other defendants who were enjoined, and that no cause is shown for the non-joinder of the other defendants in the motion. In support of its position, the appellant cites the case of Ohnsorg v. Turner, 33 Mo. App. 488. It is hardly necessary to discuss this point, because the motion on its face shows that it is joined in by all the defendants; that the damage sustained by the defendants were the damages of the Calumet Baking Powder Company alone, and that therefore the damages should be assessed in favor of the Calumet Baking Powder Company, which was done. Jones v. Mastin, 60 Mo. App. 578.

ELLISON, J.—This case comes here on an appeal from judgment of assessment of damages arising from a temporary order of injunction issued by the trial judge in vacation and which was dissolved.

It appears that the judge in vacation granted a temporary writ on the execution of a sufficient statutory bond with sureties, at the same time allowing the party defendant to appear before him in chambers in ten days and move to dissolve the temporary order. The parties duly appeared and the judge recalled the order on the ground (as found to be stated in the motion) "that the petition does not state facts sufficient to constitute a cause of action, and that there is no equity in the petition and no cause for equitable relief is stated therein." Prior to the next succeeding term of the circuit court, in vacation, a motion was made to assess damages and the court, after a hearing in term time, allowed $250 as attorneys' fees and $253.03 as expenses of witnesses attending before the judge in vacation and the procuring of affidavits to present on the hearing of the motion to dissolve. . There was no final hearing of the original cause of action. But at the term of court suc-

ceeding the filing of the petition and granting the temporary writ, plaintiff voluntarily dismissed the bill.

There can be no assessment of damages until a liability has arisen on the bond. For the assessment of damages is an incident to the bond. City of St. Louis v. Gas Light Co., 82 Mo. 349. And no liability can arise on the bond "before final decree in the case in which such bond was given." Cohn v. Lehman, 93 Mo. 574. In cases like the present on a final hearing the court may conclude that the view taken was erroneous and may find that the plaintiff was, at the time the writ was issued, entitled to the temporary injunction.

In Brown v. Mining Co., 32 Kan. 528, a temporary writ was granted and afterwards dissolved. Suit was then begun on the bond before a final hearing was had on the case. It was held that a suit could not be maintained "on an undertaking given on the issuing of a temporary injunction, until the final trial and judgment in the suit." And so the same was held, under like circumstances, in the case of Clark v. Clayton, 61 Cal. 634. It is true that by the terms of section 5500, Revised Statutes 1889, an assessment of damages may be had "upon the dissolution of an injunction in whole or in part." But that expression of the statute means a final dissolution, whether of the whole injunction granted or only a part thereof. And such must have been the view of the supreme court in Cohn v. Lehman, supra. The same remark will apply to section 5498, prescribing that the condition of an injunction bond shall be to pay all damages and costs "that shall be adjudged against him if the injunction shall be dissolved." That is to say, after a final hearing.

But, as before stated, plaintiffs at the term of court following the filing of the petition, voluntarily dismissed the same and this is regarded as a final adjudication against the right to an injunction. It is, so far as fixing liability on the bond is concerned, equivalent to a final hearing. 2 High on Injunctions, sec. 1649a.

It might be said that since in this case defendant filed its. motion for assessment of damages in vacation and before the dismissal of the bill, it was premature. However that may be it is enough that plaintiff answered the motion and tried the question of damages without objection on this head. The foregoing considerations answer plaintiff's contention that the motion was premature.

On the trial of the motion the bond was not introduced in evidence. Plaintiffs contend it should have been. It is, however, found set out in the record, put in the transcript by the clerk as a part of the record proper. The motion for new trial does not raise the question and it can not be considered. The question of the evidence failing to make or support a case for defendant is not set up in the motion. Fox v. Young, 22 Mo. App. 386; Putnam v. Railway, 22 Mo. App. 589.

We are, however, satisfied that the position taken by plaintiff as to the allowance of damages is well founded. The allowances were separated; stated to be for counsel fees, and for expenses of witnesses and depositions. The expense of counsel was necessary in the matter of obtaining a dissolution of the restraining order and as such was properly allowed. But when it is remembered that the question of dissolving or recalling the restraining order depended solely on the petition and was so considered at the hearing of the motion to dissolve and so adjudged by the trial judge, it becomes apparent there was no necessity for the expense of witnesses and depositions, and no damage in that respect should have been assessed. Ellwood Mfg. Co. v. Rankin, 70 Iowa, 403; Lawrence v. Trainer, 136 Ill. 474, and cases cited. The cases cited by defendant as being contrary are not considered in point.

We will, therefore, order the affirmance of the judgment as to the allowance of $250 counsel fees and reverse it as to the allowance of $253.03 for other expenses. Costs of this appeal to be taxed against defendant.