BEVIER BLACK DIAMOND COAL COMPANY, Plaintiff in Error, v. WILLIAM S. WATSON, Defendant in Error.

Kansas City Court of Appeals, April 4, 1904.

1. CORPORATIONS: Directors: Salary: Evidence. A director of a corporation is presumed to serve gratuitously, but when he is likewise the general officer charged with the management of the corporation and special provision is made for his salary he is entitled to receive it and the evidence in this case indicates such a provision.

2. ———: Treasurer: Salary: Offset. An officer may not without authority take the property of the corporation in payment of what is due him, but in an accounting for money coming to his hands he may set up his claim for salary against the balance found in his hands.

3. ACCOUNTING: Weight of Evidence: Following Trial Court. The court follows the trial court on a question of fact in this record.

4. TRIAL AND APPELLATE PRACTICE: Accounting: Pleading: Objection. In an action for accounting defendant offered evidence of a certain allowance to which no objection was made. Held, an objection came too late in the appellate court that the answer did not refer to such an item; and it is further found that on the abstract it can not be said there was no evidence to support the finding.

5. CORPORATIONS: Directors: Payment of Private Funds: Evidence. A director may recover money paid out of his private funds for the interest of a corporation when circumstances demand it and the evidence supports the claim.

6. ACCOUNTING: Excessive Finding: Objection: Motion for New Trial. A motion for new trial alleged that it was error to allow defendant any salary. Held, insufficient to raise the point that the salary allowed was more than claimed.

Error to Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for plaintiff in error.

· (1)    No salary can be allowed to defendant or recovered by him for acting as treasurer of the corporation in the absence of some provision of the charter of the company, its by-laws or resolutions of its directors authorizing and fixing the same.    Taussig v. Railroad, 166 Mo. 28; Besch v. Carriage Co., 36 Mo. App. 333; Renners v. Schiro Sekey, 70 Mo. App. 364; Pfeiffer v. Landsburg, 44 Mo. App. 59.    (2)    The treasurer could not take the moneys in his hands, which he held as servant and custodian of the company, and apply them on his own claim for salary, even if the company owed him, to the exclusion of other claims.    Greenville v. Reis, 54 Ohio St. 549; Emporium v. Emeric, 54 Ill. 345.

*Dysart & Mitchell* for defendant in error.

(1)    An officer of a corporation is entitled to a salary when allowed and fixed by the company or its board of directors.    This is elementary.    Funston v. Company, 67 Mo. App. 559.    (2)    The set-off and counterclaim of $1,256.25, allowed by the court, was eminently proper, as shown by defendant's exhibit X, but not set out and printed in plaintiff's abstract.    (3) The court allowed the defendant a credit for one-half of $706 wrongfully obtained by Bovard and Loomis, towit, $353.

ELLISON, J.—This is an action at law for money had and received by defendant of plaintiff in the sum of $7,500.    The answer set up a counterclaim for money paid out to plaintiff's use and at its request, $706.63, and the further claim of salary due defendant as treasurer and manager of the plaintiff corporation in the sum of $3,833.33.    The case involved a lengthy investigation and accounting and was by the court referred to a referee.    The referee reported a finding in favor of plaintiff for $3,160.34.    Exceptions were taken to the

report and the trial court refused to adopt it, but made a finding that a balance was due the defendant of $209.88 and judgment was entered in his favor for that sum. Plaintiff appealed.

It appears that one W. H. Loomis and defendant entered into a contract to form the plaintiff corporation for the purpose of mining coal. It was therein agreed that Loomis was to be president and secretary and defendant was to be treasurer and manager and each was to have an annual salary of $2,000. By the terms of this contract defendant was to furnish the money to open and equip the mine for which he was to have reimbursement out of the first earnings of the corporation. Afterwards, on the eighteenth of February, 1891, the plaintiff corporation was formed and incorporated, Loomis and defendant being the principal stockholders, and at a meeting of the directors the contract between defendant and Loomis (including the provisions as to said salaries), was adopted and incorporated into the by-laws of the corporation.

Though the record in this case is voluminous and many questions have been argued there seems to be but one point made for reversal in the brief and that relates to the right of defendant to a salary in any amount. As to that we entertain no doubt of the correctness of the view of the trial court. Defendant was treasurer and manager of the corporation and by the terms of the written contract between him and Loomis he was to receive a salary. This was confirmed and adopted by resolution of the directors after the formation of the corporation. While it is true that the services of a director of a corporation, in the line of his duty as such, will be presumed to be gratuitous, yet when such director is likewise a general officer with the duty of the management of the affairs of the corporation and has special provision made for salary there ought not to be any doubt of his right to receive it. Taussig v. Railway, 166 Mo. 28; Funsten v. Funsten, 67 Mo. App. 559.

But plaintiff's brief attacks the right of the defendant as treasurer to "take the moneys in his hands, which he held as servant and custodian of the company, and apply them on his own claim for salary." The cases of Emporium Co. v. Emrie, 54 Ill. 345, and Gas Co. v. Reis, 54 Ohio St. 549, are cited in support of the statement. Neither of those cases are in point. They decide that an officer of a private corporation can not without the authority of the corporation take title to any of the corporation's property in payment of what it may owe him. We have here a totally different case. The effort of the defendant here is to retain his salary as a part of his account against the company in an adjustment of mutual claims, one against the other, and this he has a right to do.

But plaintiff charges that defendant abandoned the contract for salary. On this question of fact we feel that the court's finding that he did not is supported by the evidence and we do not feel authorized to interfere.

Under the statute and rules of court we might stop here since we have disposed of all the objections made in plaintiff's brief. But passing that by and recurring to plaintiff's argument of the case, we find that objection is made to the trial court's allowance to defendant of the item of $1,256.25 for moneys paid out by him for the reason that it was not pleaded in the answer and that it is not supported by the evidence. It seems that no objection of its not being pleaded was made to receiving evidence on that subject and it is too late now. Price v. Hallett, 138 Mo. 561; McDonnell v. DeSoto Sav. Assn., 175 Mo. 275. It also appears that the exhibit X as to this claim has not been set forth by plaintiff in the abstract. We therefore conclude that plaintiff's point as to this item should not be sustained, since we have no right to say that there was no evidence upon which to base the finding.

The remaining item is that of $706.63, one-half of which was allowed to defendant. This was money paid

by defendant out of his private means for the operation of the mine, in circumstances that seemed to demand its payment. The evidence was ample to sustain the allowance.

The suggestion is made by argument that the amount allowed for salary by the trial court was excessive and more than claimed by defendant. The allowance of salary was in general language and we have no means of knowing the process adopted by the court in arriving at the precise sum allowed. It may be a full two years' salary was allowed when one year and ten months was all that was claimed; or, it may be that interest for a time was allowed on the amount claimed. It may be that the point made at the trial was as it has been briefed here, that no salary *at all* could be allowed and no attention was called to an excessive allowance. We are led to believe such to be the case from the fact that the motion for new trial only called attention to the matter of salary by stating: ''The court erred in allowing the defendant, Watson, any salary, whatever.'' This was not sufficient to raise the point as to the salary being more than was claimed. Fox v. Young, 22 Mo. App. 386; Putnam v. Railway, 22 Mo. App. 589; Pierson v. Slifer, 52 Mo. App. 273.

The judgment will be affirmed. All concur.