## Collins Ice Cream Company v. N. L. Normandie.

### Gen. No. 11,821.

1. INSTRUCTIONS—*must be based upon the evidence.* An instruction, or part thereof, predicated upon no evidence in the cause, is erroneous.

2. PRESIDENT—*limit of implied power of.* The implied authority of the president of a private corporation does not authorize him, by virtue of his office, to appropriate the property of the corporation even for payment of salary or other indebtedness due him.

3. PERSONAL PROPERTY—*what does not affect title of corporation to.* The casual remark of the president of a corporation, to the effect that he personally, and not the corporation represented by him, was the owner of personal property, does not affect the title of the corporation to such property or render it liable to levy at the instance of the judgment creditor of such president, in the absence of a showing of authority upon the part of such president to bind

Collins Ice Cream Co. v. Normandie.

the corporation by such remark, when such president, when he made such remark, was not engaged in the business of the corporation.

Action of replevin. Error to the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed June 2, 1905.

**Statement by the Court.** This is an action of replevin commenced in the Circuit Court of Cook county by the plaintiff in error against the defendant in error to recover possession of a horse which had been levied upon by the defendant in error as a constable under a writ of execution running against one J. D. Collins.

The evidence on behalf of the plaintiff tended to show that the plaintiff, at the date of the levy of the execution, was a corporation engaged in manufacturing and selling ice cream in the city of Chicago; that J. D. Collins was then and had been its president, receiving a salary for his services, but owned no stock in the corporation; that the horse in question was purchased by the plaintiff on the 9th day of September, 1898, to be used in its business, and it paid $400 for the horse, the amount being charged to its horse, wagon and harness account on the books of the company; that the plaintiff in its business kept from forty to fifty horses, and that different employees of the company, including J. D. Collins, each used a horse exclusively and was in the habit of speaking of the same as his horse. .

The evidence further tends to show that when the execution was levied the horse in question had been placed temporarily in a stable other than the plaintiff's stable by J. D. Collins and that when the levy was made by the defendant he removed the horse to another stable after demand was made upon defendant for the horse, and thereupon the replevin writ was issued and served upon the defendant.

The evidence on behalf of the defendant tends to show that on the day the levy was made J. D. Collins had the horse in his possession while at a driving park and that he was . overheard to say that the horse belonged to him and had been entered in his name in a race at said park and that the pro-

prietor of the livery barn where the horse was at the time the levy was made pointed out the horse to the defendant when inquiry was made as to where the horse of J. D. Collins was in the barn; that J. D. Collins had stated that he had purchased the horse and had entered him in the race for Monday, and that he also stated that the horse belonged to his brother, W. H. Collins.

On the trial the jury returned a verdict for the defendant and judgment was entered on the verdict. This writ of error is prosecuted to reverse the judgment.

STIRLEN & FOULDS, for plaintiff in error.

JOHN J. SWENIE, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

At the trial plaintiff in error requested the court to give four instructions to the jury. The instructions were to the effect that if the jury believed from a preponderance of the evidence that the plaintiff was the owner of the horse and entitled to its possession, and that the same had been wrongfully taken or detained from the plaintiff by the defendant, the verdict should be for the plaintiff. The court refused to give the instructions as requested, but modified each of them by adding or inserting the following words: "Unless you find from the evidence that the plaintiff knowingly permitted J. D. Collins to hold out to the world that he was the owner of the horse in question." This action of the court was erroneous. The instructions as requested were proper, and should have been given. There was no direct or indirect evidence in the case upon which to base the modification. There was no evidence of any kind that the corporation had authorized its president to hold out to the world that he was the owner of the horse. The mere fact that J. D. Collins was the president of the plaintiff corporation did not authorize him to hold out to the world that he was the owner of any of the property of the corporation. In order to bind the corporation by any such statement or act it would be necessary to show authority from it to him. The implied author-

ity of the president of a private corporation does not authorize him, by virtue of his office, to appropriate the property of the corporation, even for payment of salary or other indebtedness due him. Emporium R. E. M. Co. v. Emrie, 54 Ill. 345; Joliet E. L. & P. Co. v. Ingalls, 23 Ill. App. 45. He may without express authority do such acts pertaining to its ordinary offices as custom has imposed or necessity requires. C., B. & Q. R. R. Co. v. Coleman, 18 Ill. 298. Anything Collins may have said, therefore, adversely to the interests of the corporation as to the ownership of the horse, while not engaged in the business of the company as president would not be binding upon the company, or affect in any way its title to the horse. It follows that the casual talk or remark of J. D. Collins to the effect that the horse was his, afforded no basis for the modification of the instructions, in the absence of any evidence of authority to him from the corporation to make such representations.

For the error in modifying the plaintiff's instructions the judgment is reversed and the cause is remanded.

*Reversed and remanded.*